BENNETT, Appellant, vs. NEBEL and another, Respondents.

*June 4—June 24, 1929.*

*James Murray* of Fond du Lac, for the appellant.

For the respondents there was a brief by *Duffy & Duffy* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

STEVENS, J.   1. The case presents the question whether the negligence of Mrs. Parker, as found by the trial court when it changed the answers of the jury, can be imputed to the plaintiff, even if we assume that Mrs. Parker was guilty of negligence as a matter of law—a question that admits of considerable doubt upon the record in this case.

There was no finding that plaintiff was guilty of any negligence.   But it is urged that Mrs. Parker was the agent of the plaintiff in transporting her to Fond du Lac and that therefore the negligence of Mrs. Parker should be imputed to the plaintiff.   The contention that Mrs. Parker was the agent of the plaintiff is based upon the fact that the plaintiff had requested Mrs. Parker to take her to Fond du Lac.

The position taken by the defendants harks back to the rule adopted in *Prideaux v. Mineral Point,* 43 Wis. 513, 527–8, where it was held that one who voluntarily enters a

private conveyance makes the driver his agent, whose negligence is imputed to the passenger. This rule was repudiated because "it rests upon no sound legal basis either as to agency or identity." *Reiter v. Grober,* 173 Wis. 493, 497, 181 N. W. 739.

The testimony does not disclose just what was the relationship between the plaintiff and Mrs. Parker, outside the fact that the trip was undertaken at the request of the plaintiff. If the plaintiff was a guest the negligence of Mrs. Parker could not be imputed to her. The negligence of the plaintiff must be determined as a question separate and independent from the negligence of Mrs. Parker. *Mitchell v. Raymond,* 181 Wis. 591, 597–8, 195 N. W. 855. It is equally clear that the negligence of the driver of a public conveyance, like a taxicab, is not to be imputed to a passenger, unless the passenger has in some way interfered with or exercised control over the driving of the automobile in such a manner that the passenger contributes to cause the accident. The mere fact that a passenger requests the driver to go to a certain destination, even if the passenger indicates the route to be taken, is not enough to warrant imputing the negligence of the driver to the passenger. *Little v. Hackett,* 116 U. S. 366, 379, 6 Sup. Ct. 291, 29 Lawy. Ed. 652, 657. See, also, cases cited in note in 8 L. R. A. N. S. 623–626. On principle it can make no difference in the application of the rule whether the automobile is driven by an employee hired by the owner of the car or by the owner himself, so long as the relationship continues to be that of a carrier of passengers for hire and does not change to one in which the driver ceases to be a carrier and becomes the employee of the passenger.

Mrs. Parker had not become the employee of the plaintiff. She was either the host of the plaintiff or she occupied toward her the relationship of a carrier of passengers for hire. The

negligence of Mrs. Parker cannot be imputed to the plaintiff in either case, unless the plaintiff exercised control over the management of the car by Mrs. Parker or in some other way co-operated in the course of conduct that produced the collision and consequent injuries to the plaintiff. There was no finding upon this question and little attention seems to have been given to its litigation. It is one of the issues that should be determined upon the new trial.

2. The instructions defining negligence or want of due care were in substance the same as those considered in *Hamus v. Weber, ante,* p. 320, 226 N. W. 392, decided herewith. But the trial court did not submit any question that required the jury to make a finding on the issue of whether the negligence of the defendant Nebel was the cause of the plaintiff's injuries, as was done in the *Hamus Case.*

The only question submitted upon which defendant's liability could be based required the jury to find whether the defendant failed "to use due care" with respect to each of three separate grounds of negligence that were litigated. A verdict does not establish liability unless there is a finding that the negligence of the defendant caused the injury, either alone or jointly in co-operation with some other cause, except in those cases in which it can be held as a matter of law that such negligence on the part of the defendant proximately caused the injury. The court is satisfied that this is not a case in which it can make such finding as a matter of law. The judgment must therefore be reversed and the cause remanded for a new trial.

*By the Court.*—So ordered.

FOWLER, J., took no part.