158

McCumber, by guardian *ad litem*, Respondent, vs.
Rovelsky, Appellant. [Three cases.]
McCumber, Respondent, vs. Rovelsky, Appellant.

*November 14—December 9, 1930.*

For the appellant there was a brief by *Hanitch, Hartley, Johnson & Fritschler* of Superior, and oral argument by *Clarence J. Hartley.*

For the respondents there was a brief by *Curran & Sher* of Superior, and oral argument by *R. E. Sher.*

FRITZ, J. The collision occurred at six p. m. on July 4, 1929, while plaintiffs were riding south on an arterial highway which had an oiled, graveled roadway twenty-eight feet wide. Plaintiffs claimed it occurred in an intersection of the arterial and a crossroad, on which defendant approached from the west. Defendant claimed it occurred after he had turned north at the intersection and gone seventy-five feet along his right-hand side of the arterial highway, when his automobile was struck by an automobile which McCumber was unlawfully driving on defendant's side of the road. There was an arterial stop sign on the crossroad to the west of the arterial, but there is a dispute as to whether defendant stopped before entering the arterial highway. There was also the usual crossroad sign along the arterial highway, 375 feet north of the crossroad, but plaintiffs claim that the view thereof was obstructed by growing brush. At the northwest corner of the intersection, tall brush growing up to the westerly edge of the traveled portion of the arterial obstructed the view so that drivers approaching the intersection from the north could not see an automobile approaching from the west until it entered the traveled portion of the arterial.

By its special verdict the jury found (1) that the defendant was negligent in failing (a) to stop before entering the arterial highway, (b) to keep a proper lookout, and (c) to have his automobile under proper control at the time of and immediately before the collision; further, (2) that defendant ought reasonably to have anticipated some injury from each of those failures, and that the plaintiffs' injuries were the natural and probable result of each of those failures; and further, (3) that neither the driver, E. H. McCumber, nor his wife, was negligent.

The verdict discloses that the jury adopted plaintiffs' version that the collision occurred at the intersection, and not seventy-five feet to the north thereof, as defendant and his witnesses testified. Giving to the evidence the most favorable construction of which it fairly admits in support of the verdict, the following facts may be deemed established: Defendant failed to stop before entering upon the traveled portion of the arterial at the rate of fifteen miles per hour. McCumber, driving south at thirty-five miles per hour, on his right side of the arterial, first saw defendant's car as it emerged from behind the brush and entered upon the traveled portion of the arterial, when McCumber's car was one hundred feet to the north. McCumber immediately applied his brakes. Defendant stopped on the arterial, in the pathway of south-bound cars, with the rear of his car at the western edge of the graveled track. McCumber considered it safer to turn to his left and pass in front of defendant's car than to attempt to stop too abruptly. He started to turn his car accordingly, when he was about fifty feet from defendant's car, but just as he got alongside, defendant's car suddenly started and shot ahead toward defendant's left, and McCumber's rear right wheel collided with defendant's front right wheel and McCumber's car was upset.

Those facts fairly admit of the jury's findings as stated above, with the exception of the finding that the injuries

were the natural and probable result of the defendant's failure to stop before entering the arterial. Notwithstanding that failure, when defendant entered the arterial, and even as his car proceeded at fifteen miles per hour, until he stopped in the westerly half of the arterial, there was sufficient distance between the cars to enable defendant to proceed and clear the usual pathway of south-bound traffic, and thus avoid a collision. The collision was not the result of his entering upon the highway without having made the required arterial stop, but was rather the result of defendant's subsequent conduct in first abruptly stopping his car in the pathway of south-bound traffic, and then, as McCumber swerved to pass in front of defendant's car, in permitting his car to suddenly start and shoot ahead toward defendant's left. Under the evidence, it was within the province of the jury to consider the collision the result of the defendant's abruptly stopping and then suddenly starting and darting to the left. Likewise, that the erratic stopping and starting of defendant's car while defendant was at the controlling devices could rightly afford the basis for the jury's finding that he did fail to exercise ordinary care in having his car under proper control at and immediately before the collision. We assume that that finding was based on the manner in which defendant controlled his car when he abruptly stopped and then started. However, it would have been better if that issue had been submitted by a question so worded as to inquire directly whether the defendant was negligent in so stopping or starting.

Defendant contends that the plaintiffs and E. H. McCumber were guilty of negligence which proximately contributed to produce plaintiffs' injuries, and that the negligence of E. H. McCumber, as driver, is to be imputed to all of the passengers in his car. Under the evidence, the question of whether Mrs. McCumber was negligent was a jury issue, and there is no occasion to set aside the jury's finding exon-

erating her. Likewise, the evidence did not warrant finding that any of the children, who were respectively four, eleven, and fourteen years of age, and who were riding on the rear seat, were negligent, and there was no occasion to submit such an issue to the jury. On the other hand, under the decisions in *Reiter v. Grober*, 173 Wis. 493, 181 N. W. 739; *Brubaker v. Iowa County*, 174 Wis. 574, 183 N. W. 690; *Druska v. Western Wis. Tel. Co.* 177 Wis. 621, 189 N. W. 152; *Mitchell v. Raymond*, 181 Wis. 591, 195 N. W. 855, and *Bennett v. Nebel*, 199 Wis. 334, 226 N. W. 395, negligence on the part of E. H. McCumber, as driver of the car, would not be imputed to his passengers, and hence would not defeat their right to recover.

However, prejudicial error was committed in instructing the jury ". . . that at the time of the collision it was *prima facie* lawful for the driver of a vehicle to drive the same at a speed not exceeding forty miles an hour at the place of the collision in question."

At the time of the collision, sec. 85.08 (2), Stats. 1927, limited the speed to "fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed." That section further provided:

"A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

As McCumber's view was obstructed, that statutory limitation of the speed to fifteen miles an hour was applicable in this action to his speed when approaching within fifty feet and when traversing the intersection. As defendant approached and traversed the intersection he was entitled to assume that McCumber's speed when approaching within

fifty feet of and in traversing the intersection would not exceed fifteen miles an hour, until defendant ought, in the exercise of ordinary care, to have known otherwise. On the trial the jury could not correctly understand the relative rights and obligations of the defendant and McCumber, as each approached and traversed the intersection, without being properly instructed on the subject of lawful speed. To inform the jury that a speed not exceeding forty miles an hour was *prima facie* lawful, when, as a matter of law, driving in excess of fifteen miles an hour was unlawful,. constituted error which materially affected the jury's determination as to whether, in view of the evidence as to the acts and omissions of defendant and of McCumber, considered in the light of their respective relative legal rights and obligations, plaintiffs' injuries were the natural and probable result of negligence of the defendant or of negligence of McCumber. Because of that error the defendant is entitled to a new trial.

As to appellant's contention that the court erred in permitting judgments to be entered for excessive damages, we find no error excepting in the case of Ernest McCumber, who was four years old. He sustained a cut two and one-half inches long, which extended diagonally across the brow and through the lids of the right eye to one-half inch below the lower lid. The cut left a permanent scar two and one-half inches long and one-sixteenth to one-eighth of an inch wide. Nine stitches were required, and the child was ten days in the hospital, but the medical and hospital charges are not to be included in the damages recoverable by him. The jury awarded $2,083.33 damages. The court held that amount to be excessive, and gave plaintiff the option to consent to a recovery of $1,500 as the lowest amount at which a fair-minded jury would probably assess his damages. As the option to consent to the entry of judgment for a reduced amount was extended to the plaintiff, the court rightly fol-

lowed the rule that, as a matter of law, the option should be for the lowest amount that a fair-minded jury would probably assess. *Campbell v. Sutliff*, 193 Wis. 370, 375, 214 N. W. 374. However, the sum of $1,500 is still considerably in excess of such lowest amount, and if upon another trial there should be occasion for the extension of a similar option because of an excessive award, the sum of $500 would more properly constitute such lowest amount for the injuries proven.

*By the Court.*—Judgments reversed, and each action remanded with directions to grant a new trial.