FISCHBACH, Respondent, vs. WANTA and another, imp., Appellants.

*September 15—October 10, 1933.*

For the appellants Wanta and Great American Indemnity Company there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

For the respondent there was a brief by *Joseph J. O'Day* and *A. W. Schutz,* both of Milwaukee, and oral argument by *Mr. Schutz.*

FRITZ, J.  Appellants challenge the judgment on the contentions (1) that at the time of the accident plaintiff and Wanta were engaged in a joint enterprise, and (2) that, if they were then so engaged, ordinary negligence on Wanta's part is not sufficient to entitle plaintiff to recover.

Upon reviewing the evidence, we find it unnecessary to pass upon the second contention, because the following facts, proven by evidence which is undisputed, fail to establish that the parties were then engaged in a joint enterprise: Plaintiff and Wanta were members of the board of directors of a building and loan association, of which Wanta was also the secretary.  They, together with another director, Jos. M. Hollitz, were also members of a committee, appointed under the association's by-laws to appraise and report to the association the value of real property offered as security for mortgage loans sought by prospective borrowers from the association.  Each member of the committee inspected and appraised the properties, and a written report to the board as to the amount of the committee's appraisal and its recommendation regarding the loan was initialed by each member.  Plaintiff, Wanta, and Hollitz usually rode in Wanta's automobile, at his invitation, when they went to inspect properties for appraisal, and while viewing a prop-

erty and still at the premises they discussed and fixed its loan value, and filled in and initialed the appraisal report. However, they were not required to join in the appraisal report or to be together while inspecting or going to the properties. Each was paid $1.50 for each inspection and appraisal which he made.

At the time of the accident, plaintiff and Hollitz were riding as gratuitous guests of Wanta in his automobile from one property to another, which they were to inspect for appraisal. Wanta determined the order in which the properties were being visited, and he selected the route which he took in driving to the properties.

Manifestly, at the time of the accident, plaintiff, as well as Wanta or Hollitz, was acting individually as an officer of the building and loan association, and for its benefit. The appraisals and the traveling between properties, which was necessary in order to make the appraisals, were for the benefit and the financial interests of that association. There was no contractual relationship between Wanta and plaintiff, or Hollitz in respect to the appraisal or the trip of inspection, and they had no joint financial interest therein. The fee of $1.50 paid to each appraiser for each appraisal reported was for the separate, individual use of each of them, and their respective right thereto and interest therein was several and not joint. Likewise, their duties and responsibilities were several and not joint. Each could act independently and without responsibility for the acts or misconduct of the other. That it was more convenient, advantageous, or efficient for them to travel together in visiting and appraising the properties, in order to perform their individual duty to the association, did not constitute the trip in question a joint enterprise. As it did not involve the performance of a joint duty, or anything of joint financial interest to the occupants of the automobile, but, instead, was being made in the performance by each occupant of his several and individual

duty to the building and loan association without anything in the nature of a mutual agency existing between them, or any joint or common obligation on their part, the relation of joint adventurers did not exist between them. *Sommerfield v. Flury,* 198 Wis. 163, 167, 223 N. W. 408. See, also, *Brubaker v. Iowa County,* 174 Wis. 574, 183 N. W. 690; *Smith v. Starkey,* 203 Wis. 56, 233 N. W. 576; *Bernard v. Jennings,* 209 Wis. 116, 244 N. W. 589.

*By the Court.*—Judgment affirmed.