Hahn, Appellant, vs. Smith and another, Respondents.

*April 3—May 1, 1934.*

278

For the appellant there was a brief by *Judson W. Staple-kamp,* attorney, and *Geo. W. Taylor* and *David L. Phillips* of counsel, all of Kenosha, and oral argument by *Mr. Phillips.*

For the respondents the cause was submitted on the brief of *Alfred L. Drury* of Kenosha.

NELSON, J.  Two principal contentions are made by the plaintiff : (1) That the court erred in dismissing the complaint as against Albert B. Smith, and (2) that the court erred in not submitting to the jury the questions requested by the plaintiff, or similar ones, relating to the negligence of Albert B. Smith.  The first contention is based upon the rule stated in *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018, and *Gehloff v. Kandler,* 204 Wis. 464, 234 N. W. 717, that proof of ownership of an automobile raises a presumption which may justify an inference that the driver of the automobile was the owner's agent and drove it in pursuit of the other's business.  Commenting upon *Enea v. Pfister, supra,* it was recently said in *Philip v. Schlager,* 214 Wis. 370, 253 N. W. 394 :

"It is true that, where the ownership of the car is established, certain presumptions arise from that ownership. *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018.  When that fact is unchallenged, a *prima facie* case of relation of principal and agent exists on the theory that ownership justifies a presumption that he who was driving the car was an agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment.  Under the doctrine of the *Enea Case,* the presumption that the person driving the car is the agent of the owner and acting within the scope of the agency is based upon policy and not upon a fact inference.  It is a legal rule governing the order and burden of proceeding with the evidence requiring the tribunal to come to a certain conclusion in the

absence of proof rebutting the presumption. This being true, the presumption exhausts its purpose and disappears when it is met by opposing evidence which the jury have a right to believe. Then the duty rests upon the one relying upon the presumption to go forward with his evidence and meet the requirements of the burden of proof."

As was said in *Philip v. Schlager, supra,* so must it be said here:

"The presumption exhausts its purpose and disappears when it is met by opposing evidence which the jury have a right to believe."

While it appears without dispute that Albert B. Smith was the owner of the car driven by defendant Albert B. Smith, Jr., and was an occupant of the car, it is undisputed that Albert B. Smith, Jr., who was forty-two years of age and maintained a separate home, requested his father, Albert B. Smith, to permit him to take the automobile in question, that he might go after his stepson, who had been visiting for a few days on a farm located some distance from Kenosha, and bring him home. Albert B. Smith, the father, consented that his son might take his automobile. Thereupon the son requested his father, and also his mother, to accompany him and his wife on the trip. The undisputed purpose of the trip was to bring the stepson back to Kenosha. Although the trip was not confined to going directly to the farm in question, it was not made for any purpose or business of the father. At the time of the accident the stepson was in the automobile which was being driven from the farm back to Kenosha. Under the undisputed evidence we think the presumption to which the ownership of the car gave rise ceased to have any force or effect. It is our opinion that no evidence was adduced which tended to show that defendant Albert B. Smith, Jr., and his father were engaged in a joint adventure. Joint adventures do not ordinarily arise out of mere social relations. *Krause v. Hall,* 195 Wis. 565, 217

N. W. 290; *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408. Nor is there evidence tending to show that Albert B. Smith, Jr., was acting as the agent of his father in conducting the trip in question.

The undisputed evidence shows that Albert B. Smith was a guest in his own car. *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739. If Albert B. Smith had loaned his automobile to his son without accompanying him on the trip, the relationship between them would then have been that of bailor and bailee. *Calumet Auto Co. v. Diny,* 190 Wis. 84, 208 N. W. 927. But under the undisputed facts it is our opinion that the trial court was correct in concluding that there was no evidence to support the assertion that Albert B. Smith, Jr., was the agent of his father. We think, therefore, that there was no error or abuse of discretion in denying the motion to amend the complaint. The judgment which dismissed the complaint against Albert B. Smith must therefore be affirmed.

The plaintiff's second contention is that the court erred in not submitting to the jury questions relating to the negligence of Albert B. Smith, who counter-claimed for damages to his car. The jury found that the negligence attributable to the plaintiff when compared with that of Albert B. Smith, Jr., amounted to thirty per cent. But the jury was not permitted to compare the negligence of Albert B. Smith with that of the plaintiff and, since Albert B. Smith counterclaimed for damages against the plaintiff, it was necessary, under the comparative negligence law, that he be either without negligence or less negligent than the plaintiff, for otherwise he could not recover on his counter-claim. A careful reading of the testimony bearing upon that issue, which we shall not attempt to review, since a new trial on that issue must be had, convinces us that the jury might have found that Albert B. Smith, as a guest, failed to exercise ordinary

care for his own safety in respect to maintaining a proper lookout and warning his host as to the approach of plaintiff's automobile. Defendant's automobile was proceeding in an easterly direction across the intersection. The plaintiff's automobile was being driven in a northerly direction. From the photograph exhibited a jury might well have concluded that the defendant's automobile struck the plaintiff's car "amidships" on its left side. Albert B. Smith occupied the front seat. He apparently did not see the plaintiff's automobile until just before the collision and therefore gave no warning to the driver. In our opinion the facts gave rise to a jury question as to whether Albert B. Smith exercised ordinary care for his own safety. *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791; *Goehmann v. National Biscuit Co.* 204 Wis. 427, 235 N. W. 792; *Krause v. Hall, supra; Haines v. Duffy,* 206 Wis. 193, 240 N. W. 152. In *Goehmann v. National Biscuit Co., supra,* it was said:

"It is a general rule that passengers in an automobile must exercise due care for their own safety. This requires them to exercise due care to keep a lookout to warn the driver of approaching danger and to protest against excessive speed, reckless driving, and dangerous practices indulged in by the driver."

Since the jury was given no opportunity to determine whether Albert B. Smith was negligent and, if so, to compare such negligence with that of the plaintiff, the judgment on the counter-claim cannot stand. Under the comparative negligence law the negligence of him who seeks to recover must be compared with the negligence of him from whom recovery is sought. *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721. The jury found the damages sustained by the defendant Albert B. Smith to be $274.90, but no opportunity was given to the jury to diminish such damages in proportion to the negligence, if any,

attributable to him. The judgment on the counter-claim must therefore be reversed for a new trial on the issues raised by the counter-claim and reply.

*By the Court.*—So much of the judgment as dismissed the complaint against Albert B. Smith is affirmed. The judgment in favor of defendant Albert B. Smith on his counter-claim is reversed, with directions to grant a new trial on the issues raised by the counter-claim and reply.