CANZONERI, Appellant, vs. HECKERT and another, Respondents.

*October 13—November 10, 1936.*

26

For the appellant there was a brief by *David L. Phillips* of Kenosha, attorney, and *N. Roy Beller* of Chicago, Illinois, of counsel, and oral argument by *Mr. Phillips*.

For the respondents there was a brief by *L. E. Vaudreuil* of Kenosha and *Regan & McCue* of Milwaukee, and oral argument by *Mr. Vaudreuil*.

FOWLER, J. This is an automobile collision case. In the opinion we treat the companion cases of other occupants of the car in which plaintiff was riding, which were tried with the case of plaintiff. The trial court granted a nonsuit. The grounds stated were: (1) That there was "no evidence of probative value" as to negligence of the defendant; (2) that negligence of the driver of the car in which the plaintiffs were riding was the proximate cause of the collision; and (3) that each of the plaintiffs was chargeable with his negligence.

(1) The collision involved occurred at the intersection of two state trunk highways, each of which was surfaced with concrete. The car in which plaintiffs were riding was going north. The defendant's car was going west. There was a stop sign on the north-and-south road. The evidence is without dispute that skid marks one hundred ten feet in length led back from where defendant's car stopped. A skid mark of one hundred ten feet indicates that the car traveled that distance with the wheels locked. It also indicates that when the brakes were applied the car was going at a speed that may be deemed excessive under the circumstances. There was an embankment at the southeast corner of the

intersection, the top of which was slightly over four feet above the center of the intersection at the right of the Plymouth car (in which plaintiffs were riding), and from four to six and a third feet above it at the left of the Nash car (in which defendant was riding). Seventy feet south of the east-and-west road and forty feet east of the north-and-south road there was a house over forty-five feet in dimension north and south. There were four trees and three electric transmission poles scattered around at places above the embankment that at different points on the highways would obstruct the views of drivers. The corner was one that required each driver to travel at such speed that he could stop within one half the distance that he could see approaching traffic. Sec. 85.40 (4), Stats. This made it a jury question whether the defendant was negligent as to speed that contributed to the collision. So, also, apparently is the question of his lookout, and perhaps that of management of his car in not turning to pass behind the other car.

The trial judge was of opinion that the driver of the Plymouth car was negligent as to speed and as to lookout. We consider that his opinion that the Plymouth car was going at an excessive speed as matter of law was not justified in view of the testimony of its occupants. Four of them testified that the car stopped a short distance from the intersection. The rear of the car was struck by defendant's car. If the car stopped before entering the intersection, and the jury might have believed that it did, it could not have gained a speed that under the circumstances could be deemed excessive when it was struck. The court considered that the physical facts showed it was going at an excessive rate and rendered the testimony of its occupants incredible. These facts were the distance the car traveled and the gyrations it made after being struck. On being struck it veered off to the northwest and made a turn or two on the grounds of a filling station at the northwest corner of the intersection before

coming to a stop about six feet west of the concrete on the north-and-south road and sixty feet north of the center of the east-and-west road. But this might reasonably have been attributed by the jury to an unconscious pressing of the accelerator and loss of control through the rear being suddenly pushed west rather than to excessive speed when it was struck or theretofore.

(2) The trial judge's inference as to want of proper lookout by the driver of the Plymouth car was justified. The Nash car had the statutory right of way. Sec. 85.18 (1), Stats. It was the duty of the driver of the Plymouth to look to his right at a point where his view down the intersecting road was unobstructed before venturing to cross it, even if the defendant had forfeited his right of way by excessive speed. *Wallace v. Papke,* 201 Wis. 285, 229 N. W. 58; *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801; *Teas v. Eisenlord,* 215 Wis. 455, 253 N. W. 795; *Whyte v. Lindblom,* 216 Wis. 21, 255 N. W. 265, 256 N. W. 244.

(3) (a) Having reached the conclusion that the driver of the Plymouth car was negligent, the trial judge imputed his negligence to the occupants of the car, because, as he concluded, they were all engaged in a joint adventure and the driver of the car was the agent of each of them.

The facts as to joint adventure are that the occupants of the car all lived in Chicago. In the car were Peter Canale and his wife Vitina, plaintiffs in the other case. Two children of the Canales were to be confirmed at a church in Milwaukee. The father was intending to go by train to attend the confirmation services. Mrs. Canzoneri is a sister of Mr. Canale and the families are intimate associates. Nick Canzoneri, the driver of the Plymouth, wanted to go with his uncle to the confirmation of his cousins. The uncle said he might go with him if he had the railroad fare. Nick then asked another plaintiff, Vito Nepi, a friend of both families, for the use of his car to make the trip and Nepi loaned it to

him for that purpose. Nick told the Canales he had borrowed the car, and Peter concluded to go in the car and take along his wife and three children. Nick told his mother of the trip and asked her to go along also, and she concluded to go for the ride and took along one of her other children. All of these people were in the car. Under these circumstances, is the driver of the car to be considered as the agent of the other occupants, or are the other occupants to be considered as passengers in the car, the guests of the driver? Appellant's counsel cites *Krause v. Hall*, 195 Wis. 565, 217 N. W. 290; *Brubaker v. Iowa County*, 174 Wis. 574, 183 N. W. 690; *Hahn v. Smith*, 215 Wis. 277, 254 N. W. 750; *Fischbach v. Wanta*, 212 Wis. 638, 250 N. W. 387; and *Sommerfield v. Flury*, 198 Wis. 163, 223 N. W. 408, in support of the proposition that they are guests.

The case most closely analogous is that of *Sommerfield v. Flury, supra*. In that case the driver of an automobile was using his own car to go to help put out a fire and several persons were in the car all going to the fire for the same purpose. None of the parties had any interest in the burning property. The occupants of the car were held not to be engaged in a joint adventure, but the relation between the driver and the other occupants was held to be that of host and guest. In the instant case had Nick been the owner of the car he was driving, the analogy between this case and the case cited would be exact. There is no question under the evidence that the car was loaned to Nick, not to the Canales. Does the fact that Nick borrowed the car change the situation? Would it have made any difference in the *Flury Case* if the driver had not been driving his own car, but a car which the owner had permitted him to take for the trip to the fire? We cannot see that it would. We are of opinion that Nick was not the agent of the occupants, but that the occupants must be considered as his guests. The matter is thoroughly treated in the *Flury Case* and there is no need of

further discussion of it, We do not see that the cases cited by respondent, *Gehloff v. Kandler,* 204 Wis. 464, 234 N. W. 717; *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151; and *Georgeson v. Nielsen,* 214 Wis. 191, 252 N. W. 576, in any way conflict with the rule of the *Flury Case.* Each of these cases is clearly distinguishable by reason of some controlling fact.

(b) If the *Flury Case* rules this one, then the question of the negligence of the guests as to lookout, etc., at the time of the collision was for the jury. They were not held to the same degree of diligence of lookout as the driver. *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208. We conclude that the trial court was wrong in imputing Nick's negligence to the occupants of the car on the ground of joint adventure and consequent agency.

(c) The plaintiff, Vito Nepi, the owner of the Plymouth car, sues to recover for the injuries his car received in the collision. He was not in the car. The trip was not his or for his benefit. He is not responsible for the negligence of the driver of the car under the principle of *respondeat superior.* *Zurn v. Whatley,* 213 Wis. 365, 251 N. W. 435; *Brochu v. Taylor, post,* p. 90, 269 N. W. 711. Nick's negligence not being attributable to him on that principle, he is not necessarily contributorily negligent merely because Nick's negligence caused the collision.

The trial judge based the nonsuit as to him upon the ground that the driver of the car was only fifteen years old at the time of the accident, and had no driver's license. Does the fact that Nepi loaned the car to a boy who did not have a driver's license coupled with the fact of the boy's negligence bar or otherwise affect his right of recovery? The appellant claims that it does not, and the respondents that it does. Neither cites any authority in support of his position upon this question.

Sec. 85.08, Stats., is relied on by respondents as so barring or affecting Nepi. The statute prohibits persons who have not procured a driver's license from driving an automobile on a public highway, and prohibits the issuing of a license to a person under sixteen years of age except as provided by sub. (1a) of that section, which permits issuance of a restricted license to a child under sixteen years of age and over fourteen. Such a license does not permit the child to drive any automobile except that of his parent or guardian, or permit him to drive except between thirty minutes before sunrise and thirty minutes after sunset. The accident occurred within these hours, but as Nepi was not a parent or guardian, Nick could not have lawfully driven the car if he had had a license to drive in Wisconsin. He did not have a license to drive in Illinois, so he was not entitled to drive under sub. (8) of sec. 85.08, Stats., entitling nonresidents having a license to drive in the state of their residence to drive here for thirty days without procuring a Wisconsin license. Not being licensed in Illinois he could not be licensed in Wisconsin in any event, as he was not over sixteen years of age. Sub. (8a), sec. 85.08, Stats. Thus not only was Nick prohibited from driving in Wisconsin for want of a license, but he could not have procured a license to permit him to drive here.

Nepi is not barred and was not contributorily negligent for loaning his automobile to a fifteen-year-old boy on the ground that the automobile is an inherently dangerous instrumentality. The case of *Schmidt v. Wisconsin Sugar Co.* 175 Wis. 613, 186 N. W. 222, negatives that idea. In that case a boy of eleven was hired by the defendant company to drive a car for one of its adult employees, and was killed by colliding with a train. Suit was brought by the administrator of the boy's estate. The ground of liability claimed was that the employment of the boy was one "dangerous to life and limb" contrary to sec. 1728a, Stats. 1919. It was held that the complaint did not state a cause of action be-

cause the employment did not violate the statute. It is also negatived by the decision in *Hopkins v. Droppers,* 184 Wis. 400, 198 N. W. 738, wherein it is pointed out that liability is not imposed on a parent for injuries inflicted by his fifteen-year-old son in riding a motorcycle on the ground that he permitted his son's use of an inherently dangerous instrumentality because a motor vehicle is not such an instrumentality.

That Nepi's right of recovery is not affected on the theory next above discussed does not settle the question. If his such right is affected, it is because of his contributory negligence. Liability in collision cases rests upon negligence, where it exists; freedom from liability involves freedom from negligence; and freedom from negligence involves freedom from contributory negligence. Thus the cases involving liability upon facts like those here involved bear directly upon the matter of Nepi's contributory negligence.

The point of a father's liability under circumstances similar to those here involved was considered by the court in the *Droppers Case, supra.* That case was before the court upon a demurrer to the complaint for insufficiency of facts. The complaint was considered by the court as involving two primary facts, in order to state a case against the father. It appears, at page 410, that knowledge of the father that the son was inexperienced in the operation of the motorcycle was considered as a fact essential to constitute a cause of action against him. It is stated, at page 411, that "if a father knows that his minor child, under his control, is committing a tort or violating a statute, and makes no effort to restrain him, he will be regarded as authorizing or consenting to the act and held civilly liable [in damages] for the consequence if that act is the proximate cause of injury to others." Whether the words "that act" in the last clause of the quotation refer to the act of the father or the act of the son as the "proximate cause" is perhaps not clear from the immediate

context. But the matter is elucidated by the later statement summing up the statements in the complaint that altogether stated a cause of action against the father. It is said at page 412: "From these averments it appears, among other things, that the defendant father bought and placed in the complete control of his son, whom he knew or ought to have known was an inexperienced driver, for his free use in a crowded city, a machine which, if carelessly managed, might cause serious injury to others, and that by so doing, he knowingly countenanced and encouraged his minor son to violate a statute of the state, and *that these acts* and the negligence of the son were the proximate cause of the injury complained of." This indicates both that knowledge of the inexperience of the son, either actual or imputed because the father ought to have known it, was considered as an essential fact, and that permitting the use of the machine must operate as a proximate cause in order to render the father liable.

Whether Nepi's permission of use of the automobile in violation of statute operated as a proximate cause of the collision would seem to depend on the kind of a driver the boy was rather than on mere violation of the statute. It has some bearing upon the question that although when one person is driving another's automobile with the latter's consent in the absence of agency, the latter is not liable for the results of the former's negligent driving, if the driver is incompetent the rule is otherwise. *Gardiner v. Solomon,* 200 Ala. 115, 75 So. 621; *Elliott v. Harding,* 107 Ohio St. 501, 140 N. E. 338; *Rocca v. Steinmetz,* 61 Cal. App. 102, 214 Pac. 257; *Tyree v. Tudor,* 183 N. C. 340, 111 S. E. 714; *Raub v. Donn,* 254 Pa. 203, 98 Atl. 861; *Beville v. Taylor,* 202 Ala. 305, 80 So. 370. Thus aside from statutory violation, known incompetency, inexperience, habitual violation of traffic regulations, habitually careless or reckless driving, or the like, is the only basis for imputing negligence of the

driver to an owner who has permitted the use of his car to the driver for the latter's own purpose. There are cases that seem to indicate on their face that negligence of one whom the owner permits to drive his car in violation of a statute is enough to charge the owner with responsibility for that negligence. On careful consideration of most of them, however, the contrary or fallacy of reasoning appears. Such cases are *Taylor v. Stewart,* 172 N. C. 203, 90 S. E. 134; *Daily v. Maxwell,* 152 Mo. App. 415, 133 S. W. 351; *Schultz v. Morrison,* 91 Misc. 248, 154 N. Y. Supp. 257. The latter is an opinion of a trial judge on a motion for a new trial, affirmed by the appellate division without opinion. *Walker v. Klopp,* 99 Neb. 794, 157 N. W. 962, holds unqualifiedly that when one "wilfully permits his minor child, under the age of sixteen years, to drive his automobile upon the public highways, . . . such permission and such violation of the statute constitutes in him such negligence as is by the direct sequence of events the proximate cause of any damage that may be sustained by another . . . by the driving of such automobile by such minor, when the other elements of actionable negligence are established." This holding is contrary to that of the Massachusetts court, in *Bourne v. Whitman,* 209 Mass. 155, 95 N. E. 404, which holds in a case involving the driving of a car without a license contrary to a statute imposing a penalty, that the illegality of the act of driving does not constitute actionable negligence unless the illegality involved is itself a cause contributing directly to the injury. "If in any case the failure to have a license, looking to those conditions that ordinarily accompany the failure to have it, is a cause contributing directly to an injury, a violator of the law would be legally responsible to another person injured by the failure; or, if he is injured himself, would be precluded from recovery against another person who negligently contributed to the injury." What is last said above is said

in view of the contributory negligence of a plaintiff being a bar to recovery in absence of a comparative negligence statute.

It is pointed out that one may be a thoroughly competent driver, although he has no license, and it is held that the fact that he has no license is material only as evidence, as far as it goes, to indicate that he is not a competent driver. A boy under the statutory age for driving is presumptively incompetent, but presumptions yield to prove facts. Under our statute one of the age of the boy here involved may, under stated circumstances, be licensed. Thus the statute contemplates that one under sixteen may be a competent driver. And it is a matter of common knowledge that many boys of fifteen are more skilful, careful, and competent drivers than many persons over sixteen that have licenses. To apply a hard and fast rule that letting a person without a license, for whatever reason, drive his car would subject one to liability for damages for an accident occurring while he was driving the car, even though negligence of the driver at the moment of the accident was a proximate cause, would be carrying too far the rule that violating a criminal statute or participation in such violation by assenting to it subjects one to liability for the results of its violation to unreasonable and unanticipated lengths. We are of opinion that the mere violation of the statute involved in the instant case does not either render Nepi responsible for the injuries resulting from the driver's negligence, or affect his right of recovery for the injuries to his car. So to affect him, his own negligence in permitting the statutory violation must of itself have operated in some way as a proximate cause of the injury. If the boy was an incompetent driver, and Nepi knew or ought to have known that he was incompetent, it so operated. But if the boy was in fact a competent driver it did not so operate, and permitting him to drive the car did not render him contributorily negligent. If Nepi was contributorily negligent because of

the boy's incompetency, the comparative negligence statute requires a determination of comparative negligence by a jury, if they find that negligence of the driver of the Nash car operated as a legal cause of the collision.

As bearing upon the question of Nepi's negligence, the Illinois statutes should be taken into consideration. We take judicial notice of statutes of a sister state. Sec. 328.01, Stats. No Illinois statute existing at the time of the accident involved required the licensing of drivers, except garage operators and mechanics and chauffeurs directly or indirectly receiving compensation for driving. Par. 28, ch. 95a, Ill. State Bar Stats. 1935. The age prohibition against persons driving is limited to persons under fifteen years of age. Par. 367, ch. 121, *Ibid.* That the statutory age in Illinois is less than in Wisconsin does not relieve Nepi from duty to comply with the Wisconsin statute, but it may have some bearing in the minds of a jury on whether Nepi ought reasonably to have foreseen that injury might naturally and probably result from permitting the boy to drive his car in Wisconsin in violation of the Wisconsin law. Such reasonable anticipation is essential to actionable negligence.

(d) It is also contended that the plaintiffs other than Nepi are barred from recovery because they were riding with one who was driving in violation of law. They were no more barred for this reason than was Nepi. However, they were all adults, knew the boy's age, and doubtless knew whether he was or was not a competent driver. By riding with him under these circumstances they were contributorily negligent, as was Nepi, if the statutory violation had causal connection with the accident. Their acquiescence in riding with the boy barred them from recovery against him, but did not bar them from recovery for negligence of the other driver. Their assumption of risk applies only as to actions against the boy. Nor in their actions is the boy's negligence to be attributed to them by reason of their riding with him,

he being their host as distinguished from their agent. *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721; *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643. The comparative negligence statute is also to be applied to them as it was in the *Walker Case, supra.*

*By the Court.*—The judgment of the circuit court is reversed, with direction for further proceedings in accordance with this opinion.