HYNEK, Respondent, vs. MILWAUKEE AUTOMOBILE INSUR-ANCE COMPANY, LIMITED, MUTUAL, and another, Appellants.

*September 17—October 12, 1943.*

For the appellants there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith*.

For the respondent the cause was submitted on the brief of *Alvin G. Brendemuehl* of Oconomowoc.

WICKHEM, J. On the evening of December 31, 1940, plaintiff, Frank Hynek, was at his home in Oconomowoc when defendant, Henry Degener, called to get his wife who was visiting there. Degener lived five miles west of Oconomowoc, a short distance south of Highway 19. Plaintiff told Degener that he had received word of his father's death at Richland Center and that he planned to go to the home of one Melchior to borrow his automobile, as plaintiff's car was not in condition for so long a drive. Plaintiff asked Degener whether he would drive him to Melchior's, but Degener did not reply. After supper he asked Degener whether he wanted to ride along to Melchior's and Degener answered affirmatively. They left the house together and

upon the discovery that Degener's car was parked in the driveway, Degener volunteered to drive his car to Melchior's. This involved a trip of nine miles on Degener's part, a return to Oconomowoc, and then a drive home over much the same route. Shortly after Degener and Hynek had started for Melchior's there was a collision between the Degener car and a truck owned by Motor Transport Company, operated by its employee, and insured by Milwaukee Automobile Insurance Company. Plaintiff sustained personal injuries in this collision.

The jury found the driver of the Motor Transport truck sixty per cent negligent and Degener forty per cent negligent and fixed the damages. No question arises upon this appeal as to the sufficiency of the evidence to sustain the verdict.

Defendants' claim is that upon the facts of this case Degener was the agent of plaintiff, his negligence imputed to plaintiff and the latter's recovery subject to diminution by the percentage of negligence found by the jury to be attributable to Degener. Hence, the appeal is limited to the question whether, as a matter of law, upon the undisputed facts, Degener was driving as the agent of plaintiff. Defendants contend that this is a clear case of gratuitous agency and that the negligence of Degener is imputed to plaintiff. The case of *Georgeson v. Nielsen,* 214 Wis. 191, 252 N. W. 576, is claimed to be exactly in point and to establish defendants' position. In that case plaintiff had borrowed a trailer to transport three cows a distance of fifteen miles to a pasture. Plaintiff's automobile had no hitch for connecting the trailer. He went to a garage to have a hitch made and while there Dennis came along driving a car equipped with a hitch. Dennis offered to attach the trailer to his car, go with Georgeson, and haul the cattle to their destination. In the course of transporting the cattle a collision occurred resulting in part, as the jury found, from the negligence of Dennis. This court held that although Dennis was to receive no compensation a relationship of

agency and not that of host-guest existed. According to defendants this case cannot be reconciled with *dictum* in *Bennett v. Nebel,* 199 Wis. 334, 226 N. W. 395, and is distinguishable from *Canzoneri v. Heckert,* 223 Wis. 25, 269 N. W. 716, and *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408, cases strongly relied upon by plaintiff. In the *Bennett Case* it is said that the mere fact that a passenger requests the driver to go to a certain destination, even if the passenger indicates the route to be taken, is not enough to warrant imputing negligence of the driver to the passenger. Considered in its context, it is not clear that the statement in the *Bennett Case* has any application here at all as it appears to refer to a passenger in a public conveyance. The court in the *Bennett Case* held that the issue of agency had not been tried.

While it is true that the factual situation in the *Flury Case, supra,* was different from that involved here, we nevertheless consider that that case represents the proper starting point in considering the question here involved. In that case a threshing crew was assembled at a farm when a telephone message came that certain buildings were on fire about five miles distant and calling for help. One Krueger jumped into his automobile in response to the call, and without any invitation on his part, plaintiffs also got into the car. On the way to the fire Krueger's car collided with a truck belonging to defendant and plaintiffs suffered injuries. Upon appeal from a judgment in favor of plaintiffs it was contended that all of those in the Krueger car were engaged in a joint undertaking, and that Krueger as driver was liable only for gross negligence. This court repudiated that contention on the ground, (1) that the trip involved no joint duty as whatever duty devolved upon the parties by the custom of the neighborhood was several and individual rather than joint and common; (2) that there was no financial or business interest involved; and (3) there was no mutual agency between them.

Having laid down this much, the court proceeds to consider whether some relationship other than that of host-guest did not exist between the driver and those riding in the car. It was claimed on behalf of defendants that the relationship of host-guest should not exist where the trip is pursuant to an agreement, express or implied, and for the common benefit of all. This contention was also repudiated and the court strongly intimates that the few scattered cases where the courts have considered relationships purely social in their nature, as giving rise to a joint undertaking, are ill-considered, citing *Krause v. Hall,* 195 Wis. 565, 217 N. W. 290. While the *Flury Case, supra,* involved the element of joint enterprise, it bears strongly upon the question of gratuitous agency because the relationship arising out of a joint enterprise that would operate to impute the negligence of one enterpriser to his associates would necessarily be grounded upon principles of agency. If joint enterprises do not frequently or ever arise out of purely social relationships, neither do relationships of agency ordinarily so arise.

This is best illustrated by *Renich v. Klein,* 230 Wis. 123, 283 N. W. 288. In that case the driver of the truck in which plaintiff was riding had been parked in front of a place of business. It was in the care of a driver and the owner of a truck was performing some business errand near by. Plaintiff's decedent, an old man seventy-one years of age, came along, got into the cab without invitation, closed the door and requested that the driver of the truck take him up to the corner to catch a bus which was waiting there. The request was acceded to, and in the course of the trip the accident happened and plaintiff's decedent was injured. The trial court was of the view that the driver was the agent of the deceased, and that the driver's negligence was imputed to the deceased. This court held to the contrary and concluded that a relationship of host and guest existed. This court stated (p. 126):

"This testimony shows only an act of friendly courtesy which Flentz extended to Giesing because he felt sorry for him and naturally wanted to help him out."

The court considered that the fact that Giesing got in the car without invitation and that he requested the courtesy, rather than being invited, was of no controlling materiality. It was held that the matter of great importance was the right to control by the person alleged to be the principal. While the *Georgeson Case, supra,* is cited by the court there is no attempt to distinguish the case upon facts. In the *Renich Case, supra,* the court concludes (p. 129) :

"Under the testimony adduced, there is no evidence whatsoever that Giesing had any power to control, or right to control, the actions of Flentz or that either of them were conscious of any relationship between them other than that of host and guest, resulting from a friendly and courteous favor done by a young man to an aged gentleman."

Restatement, 1 Agency, sec. 1, defines agency as :

". . . The relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . ."

In the *Georgeson Case, supra,* the court was of the view that such a relationship was established by the evidence. There was, in the first place, a business enterprise in which plaintiff was engaged which it was important for him to conclude and in which he almost necessarily had to control the means of achieving it. It was the view of the court that the act of Dennis in putting himself at the disposal of plaintiff in such an enterprise was going further than proffering an ordinary social courtesy, and that he put himself under plaintiff's control. While this is open to debate, the only difference of opinion there could be is whether or not the facts were such as to compel such an inference. There is no question that the court

was trying to apply the same rule of law in the *Georgeson Case* as it did in the *Sommerfield* and *Renich Cases, supra.* In the *Renich Case* an act of courtesy on the part of the driver was considered to repel an inference of agency although the courtesy was requested and not volunteered, and although the trip was wholly for the benefit of the guest. In the *Flury Case, supra,* the social character of the accommodation and the lack of any business relationship or objective was considered to repel an inference that the passenger presumed to exercise or retain any control over the driver. It seems to us that this case belongs in the category of the *Flury* and *Renich Cases*, or in any event, that the trial court could, as he did, legitimately draw the inference that this was a mere social courtesy extended by Degener to plaintiff. The courtesy was extended as a matter of convenience to avoid moving his car out of the way and perhaps also to avoid the delay while plaintiff put alcohol in his own car. The trial court was justified in concluding that Degener yielded no control to plaintiff and that there was no mutual understanding that Degener was to act under plaintiff's direction. Plaintiff's alleged warning to Degener that the oncoming truck was crowding Degener's side of the highway cannot be considered as adding any weight to defendants' claim that plaintiff reserved or was seeking to exercise control. If in the *Renich Case* this court could, as a matter of law, hold that there was no relationship of agency, it appears clear in this case that the trial court could and perhaps that he was required to find that no such relationship existed between plaintiff and Degener. These conclusions require that the judgment be affirmed.

*By the Court.*—Judgment affirmed.