KRUEGER (Helen) Administratrix, Plaintiff and Respondent, vs. SHUFELDT and another, Defendants and Respondents : KRUEGER (Herman) and another, Impleaded Defendants and Appellants.

*June 8—July 1, 1948.*

For the appellants there was a brief by *Smith, Okoneski, Puchner & Tinkham,* attorneys, and *Charles F. Smith, Jr.,* of counsel, all of Wausau, and oral argument by *Charles F. Smith, Jr.*

For the respondent Helen Krueger there was a brief by *McHale & Goodnough* of Antigo.

For the respondents Clayton Shufeldt and the Travelers Insurance Company there were briefs by *Gorman & Gorman* of Wausau, attorneys, and *Gustave Winter* of Antigo of counsel, and oral argument by *Mr. Gorman.*

WICKHEM, J. The accident happened on December 4, 1946, at approximately 11 :30 p.m. on a county trunk highway in the vicinity of Antigo. Herman Krueger was the father of Norman Krueger. He was driving home in an easterly direction on the county trunk highway and as he came to a hollow between two hills he saw a car on the south side of the road in a ditch and was hailed by a person standing alongside it. Herman drove his car to the top of the hill, parked it, and

walked back to the ditched car. He discovered that it was the car of his son, Norman, and the latter asked help in getting out of the ditch. Herman brought his car and placed it back to back with that of Norman, then assisted the latter to hook the rear ends of the cars together with a chain. Norman got into his car, started the motor, and put the gears into reverse. Herman drove forward in a general westerly direction but at such an angle to the north as would drag the son's car out of the ditch. There is a conflict as to the degree of this angle. When Norman's car was back on the road, both drivers got out of their cars. The chain was disengaged and put back in Norman's car. Norman then went to the front of his car to crank it. At that time Herman was standing about in the center of the road and noticed the lights of the Shufeldt car coming over the hill from the east. He testified that it was weaving from side to side, evidently out of control. Shufeldt testified that he saw the two cars in the center of the road.when he was twenty-five feet away from them and driving at twenty to twenty-five miles an hour but that he saw neither of the men. He testified that he turned to his left and went into the ditch to the south of Norman's car and struck Norman who was standing near the front of his car. The Norman Krueger car was standing some two hundred fifty to three hundred feet west of the top of the hill over which the Shufeldt car came and from which there was a clear and straight vision. Herman Krueger testified that the lights on both Krueger cars were lighted at all times. Shufeldt testified that he saw no lights on either car. Herman Krueger also testified that the Shufeldt car was proceeding at a speed of about fifty miles an hour and that its course was sufficiently erratic so that he did not know which way to jump to avoid it. No part of Herman Krueger's car came in contact with deceased or with the car of defendant Shufeldt. Herman Krueger testified that both his car and that of Norman Krueger were entirely on the south side of the road leaving the entire north end free for the passage of

Shufeldt. The latter testified that the road was completely obstructed by the two cars. The center of the black-top was bare and there was hard-packed snow on the edges. The road was somewhat more slippery in the ravine where the accident happened than it was elsewhere.

The interpleaded defendant, Herman Krueger, contests only that portion of the judgment casting liability upon him and upon his insurer. The original defendants contest only the assertions of appellants and make no contention that they are not liable to plaintiff. Plaintiff takes the same position as the original defendants.

The principal contention of Herman Krueger is that he violated no duty to his son and that in the circumstances his negligence, if any, could only be to a third party not participating in the act of moving the son's car out of the ditch. This contention, of course, cannot be sustained merely upon the ground that the father was simply performing an act of courtesy. In *Hynek v. Milwaukee Automobile Ins. Co.* 243 Wis. 591, 11 N. W. (2d) 352, and *Renich v. Klein,* 230 Wis. 123, 283 N. W. 288, it was definitely held that assistance given as a courtesy by a driver to another person does not result in a joint enterprise or any other relationship which warrants imputing the negligence of the rescuer to the person rescued and that the person so assuming to assist has a duty of ordinary care to the person so assisted or rescued. This is put upon the ground that the relationship is a social and not a business one, and that agency does not arise out of such a relationship. It was established in *Archer v. Chicago, M., St. P. & P. R. Co.* 215 Wis. 509, 255 N. W. 67, that where two persons who jointly own an automobile engage in a trip for a common purpose it is sufficiently a joint adventure or joint exercise of ownership so that, (1) the negligence of the driver will be imputed to the joint owner sitting beside him, and (2) that as between the joint owners the doctrine of assumption of risk applies upon about the same basis that it does in the host-guest cases.

Since it is conceded that this is not a joint adventure or a joint exercise of ownership the doctrine of the *Archer Case* clearly does not apply here. The impleaded defendant, however, relies upon a factor in this case that was not in either the *Hynek* or *Renich Cases.* In those cases the sole actors were the drivers who extended aid as a social courtesy. In this case the impleaded defendant contends that the rescuer was not the sole actor but that the removal of Norman's car from the ditch was the joint act of Norman and Herman and that whatever negligence was involved in the operation was joint in fact and not by mere imputation; that for this reason the negligence of one was the negligence of the other and could not be the basis of a recovery by either. Reliance is had upon the case of *Schultz v. Brogan,* 251 Wis. 390, 29 N. W. (2d) 719. In that case the rescuer for the purpose of getting the car of the rescued out of the ditch attached the rear of his car to the front of the car in the ditch. Both rescuer and rescued operated their cars and by their joint efforts got the stalled car back onto the highway. When the operation was finished each car was so parked as to leave less than fifteen feet of clearance. In the course of an opinion in which it was held that this negligence was not a cause of plaintiff's injuries (plaintiff being a pedestrian standing in front of the first car), it was said that the jury's conclusion that the lead car was a cause of the collision whereas that of the rear car was not, was not sustainable as both were guilty of causal negligence or neither was so guilty. In that case, of course, the question had to do with the negligence of the rescuer and the rescued to other persons on the highway and there was no adjudication as to their legal relations to each other. Furthermore, there the cars were still joined together and could be treated as a single vehicle. Furthermore, in the *Brogan Case,* so far as the matter of parking in such a way as to leave fifteen feet of clearance was concerned the driver of the car which was hauled out of the ditch had sufficient control to so guide it as to satisfy this statute.

In this case, Norman had no such control of his car because he was hauled by the rear end of his car and, further than this, at the end of the operation Norman's car was disconnected from that of his father and was on his proper side of the highway.

Up to this point we are clear that Herman Krueger in assuming to pull Norman's car out of the ditch owed him a duty of due care and that this duty was not affected by the fact, (1) that it was a social courtesy, or (2) that Norman sat in his car and used the power of his engine to assist the operation. Thus, had Herman run into another car on the highway by reason of the negligent manner in which he steered or otherwise operated the lead car, he would have violated a duty to Norman and his negligence would neither be imputed to Norman, assumed by Norman, nor held to be that of Norman in fact.

The question in this case is whether the operation of hauling Norman's car out of the ditch was so completed before the accident as to leave each of the parties involved his individual duty of so moving his car as to avoid a blockade of the highway. It appears to us that if an adequate time so to move the car had elapsed, each party would carry his own responsibility in respect of his car and that it would not do to ascribe to one in preference to the other the duty of avoiding a blockade. Thus, if it were shown that neither had acted with due care in this respect the duties and negligences to each other would clearly be equal. However, until such time had elapsed as would warrant the conclusion that a party had failed to move his car with due care the liability of Herman for the blockade which he had created would subsist and his would be the duty and the breach.

A review of the evidence satisfies us that the jury were entitled to believe that not enough time had elapsed for either party and particularly for Norman to move his car after it was removed from the ditch and that the original duty of Herman

to Norman to exercise ordinary care so to remove the car from the ditch without creating unreasonable hazards still existed and that there was a violation of this duty resulting in a liability by Herman to Norman.

It is finally contended by appellant, State Farm Mutual Automobile Insurance Company, that there is no evidence to support a judgment against it in the present state of the record. The cross complaint of the original defendant alleged that the State Farm Mutual Automobile Insurance Company had issued and delivered a policy of liability insurance to Herman Krueger; that it was in full force and effect on the day of the accident, and that by force of the statute the State Farm Mutual Automobile Insurance Company was liable to the principal defendant for damages and for contribution to the insurer of the principal defendant in the event the principal defendant was found guilty of negligence. The answer of the State Farm Mutual Automobile Insurance Company denied on information and belief that the policy issued by it "was in force and effect on the 4th day of December, 1946," and that "by virtue of the terms, conditions, and limitations contained in the said policy of insurance that this answering impleaded defendant is liable to the said Herman Krueger . . . or to any other person whatsoever." In so far as this answer sought to raise such questions as that the policy had expired, the premium had not been paid, and the like, it was insufficient because these facts were necessarily within its knowledge. In so far as it sought, as intimated in its brief, to avoid liability because of failure of Herman Krueger to give timely notice of the accident no issue results from simply alleging the legal conclusion that it sustained no liability under the policy.

*By the Court.*—Judgment affirmed.