WILLIAM BATHKE v. EDWARD R. KRASSIN and Others.

December 7, 1899.

Nos. 11,776—(121).

## New Trial—Joint and Several Motion.

A notice by three defendants to the effect that they and each of them will move the court for a new trial is a joint and several motion; that is, they all ask for a new trial as to all, and each for a new trial as to himself.

## Alienation of Affection—Verdict Excessive.

*Held*, that the evidence does not sustain the verdict as to two of the defendants, but that it does as to one of them, except that the award of $5,000 damages for alienating the affections of plaintiff's wife is so excessive as to justify the conclusion that it was the result of passion or prejudice.

Action in the district court for Waseca county against Edward R. Krassin, John Krassin and Stephen Krassin to recover $20,000 for alienation of the affections of plaintiff's wife. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of plaintiff and against all the defendants for $5,000; and from an order denying a motion for a new trial, defendants appealed. Reversed.

*E. B. Collister*, *P. McGovern* and *Geo. E. Child*, for appellants.

*John Moonan*, for respondent.

START, C. J.

The plaintiff married the sister of the defendants on December 5, 1896. They were then each 28 years old. On May 1, 1897, she left her husband, and has not lived with him since. This action was brought June 6, 1898, by the husband against the brothers for alienating the affections of his wife, and inducing her to leave him. The first trial resulted in a verdict of $5,000 against the defendants, which was set aside as excessive, and a new trial granted by the trial court. The second trial resulted in a verdict for the plaintiff for a like amount. Thereupon the defendants made a motion for a new trial. The notice thereof was to the effect that the defend-

ants, Edward R. Krassin, John Krassin, and Stephen Krassin, and each of them, would, at the time and place named, move the court for a new trial on the ground that the verdict is not justified by the evidence, errors of law occurring at the trial, and excessive damages appearing to have been given by the jury under the influence of passion and prejudice. The court made its order denying the motion, from which the defendants appealed.

The plaintiff claims that the motion was a joint one for a new trial on behalf of all of the defendants; hence, if the evidence sustains the verdict as to one of the defendants, the motion was properly denied as to all of the defendants, within the rule of Miller v. Adamson, 45 Minn. 99, 47 N. W. 452. The construction given to this motion by plaintiff's counsel is that it is a motion by all of the defendants, and each of them, for a new trial of the action as to all of the defendants jointly. It is possible so to construe the notice, but such a construction is too technical for a just and practical administration of justice. Our construction of it is that it is a joint and several motion for a new trial; that is, all of the defendants ask for a new trial as to all, and each of them asks it for himself.

Whatever may be the fact as to the defendant Edward R. Krassin, there can be no reasonable claim made that the evidence is sufficient to sustain a verdict against either of the defendants John Krassin or Stephen Krassin. This is practically conceded by the plaintiff's counsel, who bases his claim for an affirmance of the order as to them upon the proposition that the motion was joint, and that the evidence sustains the verdict as to Edward R. Krassin. As to the defendants John and Stephen, the only evidence claimed to have any tendency to show that they had anything whatever to do with the plaintiff's wife leaving him is to the effect that they were on friendly terms with the plaintiff before his marriage, and that afterwards they would not speak to him, and that one of them pointed a revolver towards him; and, further, that after their sister had left her husband, and some three weeks thereafter, they, at her request, went with her to the plaintiff's house to get certain personal property belonging to her. There is no evidence that either of them ever did or said anything to induce their sister to leave

her husband. The revolver episode was wholly irrelevant to any issue in this case. Such evidence is manifestly insufficient to sustain a verdict against the defendants John and Stephen, and it must be set aside, and a new trial granted, as to them.

The evidence as to the defendant Edward R. Krassin was conflicting, and we are of the opinion that it is sufficient to sustain the verdict against him except as to the award of damages. As there must be a new trial as to him on the ground that the damages are excessive, we refrain from discussing the evidence, except incidentally in connection with the question as to the damages.

The first verdict was for $5,000, just the amount of the second one. The trial court set aside the first verdict on the ground that it was excessive, but declined to disturb the second one. While courts ought to be very conservative in setting aside verdicts—particularly a second verdict—as excessive where the first one was vacated for the same cause, yet, where the amount of a verdict is manifestly so excessive as to warrant no other reasonable conclusion except that it was the result of passion or prejudice, it is the duty of the court to set it aside, no matter how many similar verdicts may have been vacated for the same cause, for justice must be administered according to reason, not passion. Peterson v. Western Union Tel. Co., 65 Minn. 18, 67 N. W. 646, 33 L. R. A. 302. Such is this case. The spirit of the jury is shown by the fact that they returned a verdict of $5,000 against two of the defendants as to whom there was no evidence tending to establish a cause of action against either of them. There is no evidence in the case that the defendant Edward ever advised his sister to separate from her husband, or that he ever directly sought to induce her to do so. But the evidence on the part of the plaintiff does tend to show that he was displeased with the marriage; that his influence over his sister was pronounced; and that immediately after he learned of the marriage, and up to the time the wife finally left her husband, he frequently, in the presence of his sister, disparaged, criticised, and belittled the husband, his house, his farm, his work, and his financial condition. Such conduct may have been one of the inducing causes of the wife's separation from her husband.

But it is apparent from the evidence that, if she ever had any genuine affection for her husband, she quickly reached the crisis "when love begins to sicken and decay." Three days after the marriage she wrote to him, protesting that she did and always would love him truly, but at the same time reproached him because he had not prepared a better home for her, and declared that she was going to leave, and he could do whatever he pleased. The day after writing this letter, she went away on a visit, without her husband's knowledge or consent, and was gone about a month, when she returned to him, and remained until the May following, when she left him, and has not since returned to him. It is a fair inference from the evidence that the wife was disappointed in the financial condition of her husband, and that this was one of the causes, if not the cause, for her leaving him. The evidence also tends to show that the plaintiff, while not specially blamable in the first instance for the separation, has stood somewhat upon his dignity, and made no earnest efforts to secure a reconciliation since his wife left him the last time. Upon the whole record we are of the opinion that the award of damages, when compared with the evidence, is so excessive as clearly to justify the conclusion that the verdict was the result of passion or prejudice.

Order reversed, and new trial granted.