WILLIAM BATHKE v. EDWARD R. KRASSIN and Others.[1]

January 10, 1901.

Nos. 12,330—(178).

Alienation of Wife's Affection —Excessive Damages.

In an action brought by a husband against his wife's brother to recover damages for alleged alienation of the wife's affections, resulting in a separation between the husband and wife, it is *held* that a verdict in favor of the plaintiff in the sum of $3,000 was, under the circumstances disclosed, excessive in amount, and should be reduced to $1,500.

[1] Reported in 84 N. W. 796.

**Charge to Jury.**

> Certain alleged error in the charge considered. *Held* that, if a part of the charge was too broad, as claimed, attention should have been called thereto, and the specific objection pointed out.

**Hearsay.**

> A ruling of the trial court, whereby certain proposed testimony was excluded, considered, and sustained on the ground that the offered testimony was hearsay.

**Verdict Sustained by Evidence.**

> *Held*, that the evidence, while conflicting, was sufficient to support a verdict against the appellant.

Action in the district court for Waseca county to recover $20,-000 for alienation of the affections of plaintiff's wife. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of plaintiff and against defendant Edward R. Krassin for $3,000, and in favor of the other defendants. From an order denying a motion for a new trial, defendant Edward R. Krassin appealed. Affirmed on conditions.

*P. McGovern, E. B. Collester* and *George E. Child,* for appellant.
*John Moonan,* for respondent.

COLLINS, J.

This is a second appeal in an action brought by a husband to recover damages for an alleged alienation of his wife's affections, resulting in a separation between them, the defendants being brothers of the wife. On the first trial the plaintiff had a verdict for $5,000 against all three of the defendants, which verdict was promptly and properly set aside by the trial court, its decision being affirmed on appeal. See 78 Minn. 272, 80 N. W. 950. The second verdict was against defendant Edward R. alone.

1. At the second trial the court charged the jury that, if they found that defendant's conduct conduced to the separation between the plaintiff and his wife, and was one of the elements which brought about the separation, they might find for the plaintiff. This portion of the charge is urged as erroneous, because too broad, the reason given being that it failed to discriminate between honest acts and intentions and those based on wrongful

and malicious motives. If counsel were of the opinion that the court should have discriminated and distinguished between honest acts and intentions and those which were based on wrongful and malicious motives, justice to both court and opposing counsel demanded that defendant's counsel specify wherein this instruction might not be fully understood and might be misapprehended by the jury. More specific instructions should have been asked for, instructions which would call attention to the possibility of a misunderstanding and a confusion by the jury of acts of an honest character and those resulting from wrongful motives. The exception was of a very general nature, and did not indicate the point now made. For that reason the assignment of error is without merit.

2. The defendant Edward was at plaintiff's house when the wife removed her own personal property, and assisted her in so doing. There was a conversation between the husband and wife as to her reasons for leaving, alleged to have been in the presence of the brother Edward. The plaintiff husband claimed at the trial that Edward heard the conversation, and the reasons given, to the effect that he (Edward) would not let the wife remain with her husband, and that he acquiesced in her assertion by remaining silent. Edward, when testifying, denied that he heard any such conversation, but on the evidence the question as to whether he did or did not hear was for the jury. This testimony was introduced upon the theory that if the wife, in the presence and hearing of Edward, gave this reason to her husband for leaving him, a failure on the part of Edward to repudiate her statement amounted to an admission by him that it was true, and that he would not let her remain. If the brother did hear what his sister said on this matter, and failed to contradict or to repudiate her statement, it could be regarded as an admission on his part, and was competent.

There was a later conversation between the husband and wife, while her goods were being removed, and in the presence of a third party, in which another reason was assigned by the wife, it is claimed, for leaving her husband, and this conversation the defendants attempted to prove. It was incompetent, and the

court so held. It was evidence tending to show what the wife, not a party to this action, said concerning her separation from the plaintiff, and her reasons for leaving him. The wife was not called as a witness, and had made no contrary statement. The testimony as to what reason she then gave for leaving her husband was not offered for the purpose of impeaching her. At best it was nothing but hearsay, and was properly excluded.

3. We have examined the evidence carefully in order properly to dispose of the claim that it was insufficient to support any verdict against defendant Edward. It was conflicting, and perhaps the weight was in his favor. But there was evidence sufficient to sustain a verdict against him. We cannot interfere upon the ground of insufficiency of the proof.

4. But we are of the opinion that the verdict was excessive in amount. We need not specifically state our reasons, but an award of $3,000 was certainly too large under the circumstances disclosed. We think that justice requires that the amount be materially reduced.

It is therefore ordered that a new trial be granted to the appellant unless the respondent stipulates in writing that the verdict be reduced to the sum of $1,500, and give notice thereof to the appellant's attorneys within ten days after being advised of the filing of this decision. If notice of such stipulation is given within the time specified, the order appealed from is to stand affirmed.