PAMELIA WHITE v. JOHN WHITE and Another.[1]

July 5, 1907.

Nos. 15,190—(52).

**Alienation of Husband's Affections.**

In an action by a wife against the husband's parents to recover damages for the alienation of the affections of the husband, *held*, the damages recovered were not excessive.

[1] Reported in 112 N. W. 627.

**Evidence.**

    The reception of certain evidence of communications between the husband and wife, in apparent violation of R. L. 1905, § 4660, was without prejudice.

Action in the district court for Carlton county to recover $20,000 for the alienation of her husband's affection. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of the plaintiff for $2,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial defendants appealed. Affirmed.

    *H. Oldenburg,* for appellants.

    *F. V. Inskeep* and *J. A. Fesenbeck,* for respondent.

ELLIOTT, J.

Pamelia White brought this action against John White and Elizabeth White to recover damages for the alienation of the affections and regard of her husband. The jury returned a verdict in favor of the plaintiff in the sum of $2,000, and the defendants appealed from an order denying their motion for an order for judgment in their favor notwithstanding the verdict or for a new trial. The assignments of error question the sufficiency of the evidence to sustain the judgment, the legality of certain rulings of the court, and the instructions to the jury.

The right to maintain an action of this character is established by Lockwood v. Lockwood, 67 Minn. 476, 492, 70 N. W. 784, and Bathke v. Krassin, 78 Minn. 272, 80 N. W. 950; Id., 82 Minn. 226, 84 N. W. 796. The evidence has been carefully read and considered, and we are satisfied that it is amply sufficient to sustain the verdict. No good purpose will be served by incumbering the Reports with a detailed statement of the evidence. It is an unpleasant record of marital troubles and family dissensions, which may well be allowed to rest in the obscurity of the record. The charge of the court contains no prejudicial errors of which the appellants can avail themselves. When taken as a whole, it fairly presented the issues of fact to the jury. The verdict was not excessive.

The only serious question presented for our consideration is the correctness of the ruling of the trial judge with reference to the introduc-

tion of certain evidence. The plaintiff brought the action against her father-in-law and mother-in-law. Her husband was not a party to the record, and was not financially interested in the result of the action. The plaintiff, over the objection of the defendants, was permitted to testify with reference to a conversation which she had with her husband. It is claimed that this was a violation of R. L. 1905, § 4660, which provides that, except in certain designated instances, "a husband cannot be examined for or against his wife without her consent, nor can either during the marriage or afterwards without the consent of the other be examined as to any communication made by one to the other during the marriage." There is authority for the view that this statute refers to such communications only as are of a confidential nature; but the contrary rule prevails in this jurisdiction. Huot v. Wise, 27 Minn. 68, 6 N. W. 425; Leppla v. Minnesota Tribune Co., 35 Minn. 310, 29 N. W. 127. The right of a third party to raise the question has not heretofore arisen; but we are not required to consider these questions at present, as the evidence of the plaintiff with reference to the conversation with her husband was not prejudicial to the rights of the defendants. The plaintiff testifies that her husband told her that he would not live with her in the future. The husband had previously been on the witness stand, and testified that he was not living with his wife, and that he then refused to live with her. The objection which was then made was not sufficiently specific to raise the question of privilege. There was in fact no denial of the fact that the parties were not living together, and that the husband had left his home and was living with his parents.

The assignments of error have all been carefully considered; but we find no errors of sufficient importance to justify a reversal, and the order of the trial court is therefore affirmed.

JAGGARD, J., dissents.