## CHARLES WILKINS v. ANNA B. SUBLETTE.[1]

July 1, 1910.

Nos. 16,695—(126).

**Evidence — findings.**

Evidence considered, and *held* to justify findings.

**Evidence — wife's account in husband's name.**

In an action against husband and wife upon an account for which it appears the wife alone is liable, an account kept in the husband's name in a daybook may be received in evidence.

**Same — husband examined as adverse party.**

In such action, the wife having in her answer admitted liability, except as to amount, she is not prejudiced by the cross-examination of her husband as an adverse party concerning the financial transactions between the husband and wife.

Action in the district court for Hennepin county to recover $720.24 on a contract for labor and materials. The case was tried before Holt, J., who found that defendant George W. Sublette was entitled to be dismissed with his costs and that plaintiff was entitled to recov-

[1]Reported in 126 N. W. 1089.

[Note] Person's books of account as evidence between other parties, see note to State Bank of Pike v. Brown (N. Y.) 53 L. R. A. 513.

er the sum of $630.15 from defendant Anna B. Sublette. From an order denying her motion for a new trial, she appealed. Affirmed.

*Alexander McCune* and *H. E. Fryberger,* for appellant.
*Douglas A. Fiske* and *A. E. Helmick,* for respondent.

O'BRIEN, J.

Plaintiff brought this action against Anna B. and George W. Sublette, husband and wife, to recover a balance claimed by him for furnishing and installing a heating plant, of the reasonable value of $767.59, which was also alleged as the agreed price. Separate answers were interposed, the husband's a general denial. The wife admitted the construction of the heating plant in her dwelling, but alleged a contract price therefor of $508, and, further, that plaintiff was also under contract to do the plumbing of the house for $425; that plaintiff only partially performed each contract, but had done and furnished extra work and materials of the value of $20.95, and had been paid $500. The answer then set out the omissions claimed, and, finally, alleged damages by reason of those omissions and faulty work in excess of any balance due upon the contracts. Upon the trial it appeared that the defendant Mrs. Sublette had given a contract to one Burgesson for the installation of the heating plant. The contractor defaulted, and the plaintiff, who had the contract for the plumbing of the house, was asked to complete the heating plant. The defendants claimed that plaintiff assumed Burgesson's contract, including the price, $508. The plaintiff insisted he only agreed to install the plant, thus completing Burgesson's contract, but without any agreement as to the price, and upon the trial elected to recover the reasonable value.

The case was tried without a jury, and findings made in favor of the plaintiff, and against defendant Anna B. Sublette. No cause of action was found against her husband. There was a sharp dispute in the evidence as to the terms upon which plaintiff undertook the installation of the heating plant. The court found there was no agreement as to the price, and that the reasonable value of the labor and material was $700. The defendant had paid $500 on account of both the plumbing and heating, and the court found the

amount applied upon the plumbing contract, and ordered judgment for $630.15 as the balance due for the heating plant. The defendant moved for amended and additional findings, among others for the following: "That thereafter, to wit, in the latter part of the year 1906, by mutual agreement between the plaintiff and defendant Anna B. Sublette, the plaintiff agreed to assume and did assume the said contract formerly entered into between the defendant Anna B. Sublette and the said Burgesson, and plaintiff agreed in all things to carry the same out in accordance with its terms." Also one to the effect that plaintiff had failed to complete his contract according to its terms. The court refused to so find.

1. There is no doubt the evidence sustained the finding that no price was agreed upon between these parties for the completion of the Burgesson contract; but we think the evidence, fairly construed, shows that plaintiff undertook to furnish the labor and material specified in that contract and was required to substantially perform the same. The defendant was, therefore, at liberty to show a failure by plaintiff to substantially perform, and did introduce evidence intended to prove such failure. The refusal to find as requested by defendant and the original decision amount to finding the heating contract had been substantially performed by plaintiff, and we do not think the evidence would justify us in setting aside the finding so made.

2. After plaintiff had testified to the value of the work and materials, he was permitted to introduce in evidence his daybook, in which the account was kept under the name of Geo. W. Sublette. While it finally appeared the wife was the only person indebted, her husband took more or less part in the direction of the work, and, while the court found he was in no way liable, the fact that his name, instead of his wife's, headed this account, was immaterial. Coleman v. Retail Lumbermen's Ins. Assn., 77 Minn. 31, 79 N. W. 588; Union Central Life Ins. Co. v. Prigge, 90 Minn. 370, 96 N. W. 917.

3. Upon the trial plaintiff called George W. Sublette under the statute for cross-examination as an adverse party. He was asked as to the financial transactions between himself and wife with reference to the building. This is claimed to have violated section 4660,

R. L. 1905. The plaintiff's object was to show George W. Sublette liable. The wife admitted in her separate answer that whatever work was done was for her account. She alone was held liable, and was not and could not be prejudiced by this testimony; and, as her husband is no longer a party, it is not necessary to determine whether it was error as to him. White v. White, 101 Minn. 451, 112 N. W. 627.

Order affirmed.

On July 14, 1910, the following opinion was filed:

PER CURIAM.

In an application for a reargument appellant's counsel suggests that we overlooked the grounds upon which it was insisted the trial court erred in admitting in evidence plaintiff's books of account. The case was tried by the court without a jury, and defendant's main contention was that plaintiff had assumed the Burgesson contract, including the contract price of $508. Before the books were received in evidence, plaintiff had testified to the value of the plant, so that, if the books were eliminated, there would still be sufficient evidence upon which to base a finding of the value fixed by the court. We are inclined to think that there was a sufficient foundation for the introduction of the books in evidence; but, if there was not, their admission did not constitute reversible error, because of other competent evidence sufficient to sustain the finding. Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202; American Bridge Co. v. American District Steam Co., 107 Minn. 140, 119 N. W. 783.

Application for reargument denied.