### ISADORE BUTKEVIZ v. CROWN IRON WORKS COMPANY AND ANOTHER.

### FRANK ZEMBOL v. CROWN IRON WORKS COMPANY ET AL.[1]

October 28, 1921.

No. 22,456.

**Negligence of truck driver — evidence — damages.**

  The evidence is sufficient to sustain the jury's finding that a collision which caused injury to plaintiff was caused by the negligence of the defendants. The damages are not excessive.

Two actions in the district court for Hennepin county, one to recover $1,200 for injuries received and expenses incurred because of a

[1]Reported in 184 N. W. 832.

collision between plaintiff's car and defendant's automobile truck, and the other to recover $25,000 for injuries to plaintiff's infant daughter. The cases were tried together before Jelley, J., who at the close of the testimony denied defendants' motions for directed verdicts, and a jury which returned a verdict for $300 in the first case and one for $4,000 in the second case. From an order denying their motion in each case for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*A. B. Darelius,* for appellants.

*A. A. Tenner,* for respondents.

HALLAM, J.

Helen Zembol, whom we will designate as plaintiff, was injured January 14, 1920, by collision of an automobile, in which she was riding, with a truck belonging to the defendant Crown Iron Works Company and driven by defendant Nyman. This case is brought by Frank Zembol as father of Helen, and in her behalf, to recover damages. The jury found a verdict in favor of plaintiff for $4,000. The contention made on this appeal is that the verdict is not justified by the evidence.

The action is predicated on the negligence of the driver of the truck, The testimony in behalf of plaintiff is that she was riding in a car driven by Isadore Butkeviz, and going south on Central avenue in Minneapolis. When they arrived at the intersection of Tenth street N. E. and Central avenue, Butkeviz found the road very bad on account of accumulations of snow and ice and conceived the idea of turning around and going back. At this time the defendant's truck was approaching from the south and was on the right side of the street. As to just what happened then, the testimony is in conflict. Defendant's witnesses testified that the car "all of a sudden * * * jumped out of the road * * * run into the front wheel of the truck." The testimony on behalf of plaintiff, however, is that Butkeviz started to turn around and that in doing so his car became stalled; that at this point of time the defendant's truck was about 150 feet away, but that the truck continued on and struck the Butkeviz car while it was standing still. If this testimony on behalf of plaintiff is true, the jury might find negligence

on the part of the driver of the truck. We think the testimony presented an issue of fact for the jury.

Defendant's counsel strenuously contend, as we understand it, that the physical facts make it appear that the accident could not have happened as plaintiff claims. The evidence is that plaintiff was thrown forward through the wind-shield, and it is contended that this would be impossible if plaintiff's testimony as to the position of the Butkeviz car is true. We are at a disadvantage in understanding some of the testimony as to the accident by reason of the fact that a plat, not returned to this court, was used on the trial, and a good deal of the testimony was given by way of indications referring to the plat or marks upon the plat. The testimony is also confusing by reason of inaccurate references of the witnesses to names of streets and also to directions. But the testimony on behalf of plaintiff is quite clear that, at the time the Butkeviz car was standing still, it was facing toward a building described as the "Franklin Company building." From what we can gather from the testimony as to the location of the car, it seems not impossible that the collision might occur as plaintiff has described it, and in such manner as to throw plaintiff through the wind-shield of the car in which she was riding.

Defendant contends that the direct cause of the accident was the inexperience of the driver of the automobile and the absence of chains on the wheels and the negligence of the driver in attempting to turn in front of a heavy truck. The negligence of the driver, if merely contributory, would not be a defense, and we think the question as to whether his negligence or his conduct was the sole cause of the collision was a question for the jury.

Defendant contends that the damages are excessive. The testimony is that the injuries were severe and clearly they are sufficient to warrant a verdict in the amount found.

Order affirmed.