## OTTO LIPPERT v. THEODORE KOWALKE AND OTHERS.[1]

December 29, 1922.

No. 23,200.

**Finding sustained that contract for sale of land was binding.**

1. The findings of the trial court in an action for specific performance of a contract for the sale of land to the effect that the contract became effective as a binding obligation at the time of its execution, are sustained by the evidence.

**Defendant disclaiming interest not liable for costs or disbursements.**

2. In an action against several defendants involving the performance of a contract to convey real property, the defendant who disclaims any title to or interest in the land, and makes no defense on the trial, is not liable for costs or disbursements, though plaintiff prevails in the action generally.

Action in the district court for Carver county for specific performance of an executory land contract. The case was tried before Tifft, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings and ordered judgment in favor of plaintiff. From an order denying their motion to amend the findings or for a new trial, defendants appealed. Modified and affirmed.

*W. C. & W. F. Odell,* for appellants.

*Francis Muckel,* for respondent.

BROWN, C. J.

Action for the specific performance of an executory contract for the sale of land in which plaintiff had judgment and defendants appealed.

[1] Reported in 191 N. W. 246.

The leading facts are not in material dispute. Defendants Theodore Kowalke and Caroline Kowalke are husband and wife, and were the owners of the land in question. Defendant Louise Butke is their daughter, and as we understand the matter resided with the parents; she is a widow. On July 1, 1921, the Kowalkes made and entered into an executory contract for the sale of the land to plaintiff. The contract was in the usual form of such instruments, defining definitely the terms and conditions of the sale. A down payment of $500 was made at the time of the transaction. Prior to this the land had been conveyed by the Kowalkes to Mrs. Butke, the daughter, but the deed had not then been recorded. It was recorded on July 11, 1921, ten days after the execution of the contract of sale to plaintiff. Upon learning of the Butke deed and the record thereof, plaintiff brought an action against the Kowalkes and Mrs. Butke, seeking therein to have the rights of Mrs. Butke under her deed declared subordinate to the executory contract of sale. The controversy thus arising was subsequently and on September 2, 1921, compromised by an agreement on the part of Mrs. Butke to carry out the contract of sale and upon the terms stated in the contract, the down payment of $500 to be turned over to her. The agreement was put in writing and was left with the scrivener. The transaction was to be completed by a deed of the property to plaintiff and the payment by him of the balance of the agreed purchase price on November 1, 1921. At that time plaintiff tendered the balance of the purchase price, $8,000, and demanded a conveyance of the property in accordance with the agreement. Upon this tender being made, the scrivener delivered the Butke contract to plaintiff. Mrs. Butke refused to accept the money so tendered or to execute a deed of the property, and tendered back to plaintiff the down payment of $500; all this on the claim that her contract was delivered to the scrivener to hold until plaintiff surrendered to him for delivery to defendants the old or original Kowalke contract for cancelation, and that since it had not been surrendered within reasonable time her contract to convey lapsed and became unenforceable. As we understand the record the old contract was surrendered for cancelation on November 1, the date fixed for the completion of the transaction.

The trial court found that the contract between plaintiff and Mrs. Butke, by which she assumed the obligations of the original contract and agreed to perform the same, was intended by the parties to be the unqualified obligation of the parties, in no way dependent upon a surrender of the old contract, and that the new contract was not left in escrow with the scrivener to take effect only upon a surrender of the old contract.

The findings are challenged as error and without support in the evidence. Therein rests the ground of the appeal. We have read the record with care and are unable to concur with appellants in the contention so made. The record may not be entirely clear in the abstract, but in point of substance it fairly appears that Mrs. Butke intended to and in fact did take the contract off the hands of her parents, without reservation. Thus in effect the old contract became elminated as a factor in the transaction. In fact the answer of the Kowalkes affirmatively alleges that it was then canceled by mutual consent of the parties. It was of no value to either party, and no reason is presented in corroboration of Mrs. Butke's present claim that her contract was dependent upon its surrender for cancelation. The evidence is not clearly against the conclusion of the trial court in this respect and the findings must be sustained.

Defendants Kowalke in addition to the allegations that their contract had been canceled by the new agreement, disclaimed ownership or title to the land, and demanded that they be dismissed with their costs and disbursements. They made no defense on the trial, yet the court awarded costs and disbursements against them. In this there was error. G. S. 1913, § 8062. But the error may be corrected without a reversal by a modification of the order for judgment in this respect, striking therefrom the item of costs and disbursements against the Kowalkes. Though the appeal on the face of the notice is a joint one, this relief may be awarded, Nelson v. Munch, 28 Minn. 314, 9 N. W. 863; Grueber v. Lindenmeier, 42 Minn. 99, 43 N. W. 964, with an affirmance as to defendant. Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456, 12 L. R. A. 171. The motion for additional findings or a new trial should be construed as joint

and several, the Kowalkes thereby demanding separate and independent relief. Bathke v. Krassin, 78 Minn. 272, 80 N. W. 950.

The order for judgment will be modified as to the Kowalkes to the extent stated, and the order denying a new trial affirmed as to Butke.