JOHN CONNER v. EDWIN DREYER AND OTHERS.
ARDEN E. MALZAHN AND ANOTHER, RESPONDENTS.

104 N. W. (2d) 838.

July 15, 1960—Nos. 37,821, 37,823.

*Robins, Davis & Lyons, Roger Sahr,* and *Willard L. Converse,* for appellant Dreyer.

*A. H. Markert* and *Ralph T. Lilly,* for appellant Conner.

*Swensen & Miley* and *Thomas J. Burke,* for respondents Malzahn and Midland Cooperatives, Inc.

THOMAS GALLAGHER, JUSTICE.

Action by plaintiff, John Conner, for injuries sustained on October 15, 1956, while a passenger in an automobile owned and operated by defendant Edwin Dreyer, as a result of its collision with an automobile owned and operated by defendant Arden E. Malzahn in the course of his employment by defendant Midland Cooperatives, Inc. The jury returned a verdict against all defendants.

Subsequently, all defendants moved for judgment notwithstanding the verdict or for a new trial. The trial court denied Dreyer's motion, and granted the motion of Malzahn and Midland Cooperatives, Inc., for

judgment notwithstanding the verdict so that as the case now stands plaintiff is entitled to judgment only against Dreyer. In a memorandum attached to its order, the trial court stated:

"The main question is whether or not the Court erred in instructing the jury that Dreyer was plaintiff's agent or servant. It seems to me that that relationship has been fully established."

After so instructing the jury, the court submitted six forms of possible verdicts which the jury might return including one referred to as the "fifth form of verdict," which permitted it to find against *all* the defendants. It was this form of verdict which the jury returned in plaintiff's favor.

On appeal plaintiff contends that the evidence does not sustain a finding that at the time of the accident Dreyer was his agent as a matter of law and that the court erred in so instructing the jury; but that by submitting a form of verdict by which the jury could find against all defendants, the effect of the error in the instructions was negatived. In his appeal Dreyer contends that, if in fact he was plaintiff's agent, it was prejudicial error to submit the fifth form of verdict because it was perverse in that it permitted the jury to find all defendants liable, notwithstanding that the court had instructed the jury that any negligence on Dreyer's part was imputed to plaintiff as principal and hence barred the latter from recovering against defendants Malzahn and Midland Cooperatives, Inc. In the memorandum the trial court further stated:

"* * * The fifth form of verdict was not submitted through inadvertence as suggested by Dreyer; it was deliberately done to secure a finding by the jury as to whether or not he was guilty of negligence constituting a proximate cause which finding may be important in the ultimate decision on the cross-bill. If this Court be correct in its view that an agency relationship existed, a granting of Malzahn's motion will terminate all controversies; and if reversed, this Court will be able to determine the issues on the cross-bill upon the finding of the jury that the collision was proximately caused by the negligence of Dreyer and Malzahn."

The facts are as follows: Plaintiff and Dreyer live on farms near Barron, Wisconsin. Their farms are about 12 miles apart. They were

acquainted with each other prior to the date of the accident. On that day by prearrangement the two of them traveled to St. Paul in Dreyer's 1954 Chevrolet operated by Dreyer. The purpose of the trip was to permit plaintiff to buy some bits for his portable sawmill. Plaintiff had suggested that Dreyer drive him to St. Paul for that purpose, the two having extended each other mutual help on previous occasions.

The route to St. Paul—Highway No. 212—was chosen by Dreyer. It was the one he customarily used when he visited that city. Plaintiff exercised no supervision or control over his driving. When Dreyer stopped to obtain gasoline on the trip, plaintiff paid for it voluntarily, although there was no prearrangement as to this. After they completed the business in St. Paul, the return trip was commenced, also via Highway No. 212. The accident occurred on the return trip where Highway No. 212 is intersected by Highway No. 100 in eastern Ramsey County. It involved a collision with a 1956 Mercury automobile owned and driven by defendant Malzahn on business for defendant Midland Cooperatives, Inc.

The following testimony is relevant:

By Edwin Dreyer, *owner and operator of the automobile*:

"Q. You were driving and he [Conner] was sitting in the seat alongside of you?

"A. Yes.

"Q. Did he give you any direction about the route you should take?

"A. No.

"Q. Or how you should drive your car?

"A. No.

\*   \*   \*   \*   \*

"Q. He didn't exercise any control over you at all, did he?

"A. No.

"Q. You drove the car in the manner and fashion that you saw fit, is that true?

"A. Yes.

\*   \*   \*   \*   \*

"Q. You came in for the business trip and I suppose different for you too, was it not, to see the city?

"A.  Well, we didn't go any further than to the place he got his bits.

"Q.  You had a change of scenery, you saw the city and things of that kind?

"A.  Yes, it was a nice day for driving.

"Q.  There was no arrangement about any payment for this trip, was there?

"A.  No.

\*  \*  \*  \*  \*

"Q.  But he did volunteer to buy the gas when you pulled into the filling station, is that correct?

"A.  Yes.

"Q.  That was a voluntary act on his part, just a gratuity, wasn't it?

"A.  Yes.

"Q.  You didn't ask him to pay for it or anything like that?

"A.  No.

\*  \*  \*  \*  \*

"Q.  In return for the favor you did him he would do something for you?

"A.  Yes, something on that same order, yes.

\*  \*  \*  \*  \*

"Q.  So that 212 would be the highway of your choice in driving from Barron to St. Paul or to Minneapolis?

"A.  Yes, it is a little shorter that way from our place."

By John J. Conner, plaintiff and *passenger in Dreyer's automobile*:

"Q.  Did you have any arrangements with Mr. Dreyer that day as to anything about payment of gas or anything like that?

"A.  No.

\*  \*  \*  \*  \*

"Q.  Was this an accommodation or favor to you he came in?

"A.  Why yes, I asked him if he would make the trip and come and get my bits and he said he would.

"Q.  You had been in the habit of doing favors for one another?

"A.  Yes, we done this before.

"Q.  He would do something for you and you would do something for him?

"A.    Yes, sir, he done it before and I went and helped him when he was haying, putting a lot of bales in his barn, I helped him stack it.

"Q.    You were exchanging favors so to speak?

"A.    Yes, that is all."

As indicated the court submitted six forms of possible verdicts including the one here challenged which was submitted as follows:

"If you impose liability upon all defendants, you will use one form as follows: 'We, the jury in the above entitled action, find a verdict in favor of the plaintiff, John Conner, against all defendants, Edwin Dreyer, Arden E. Malzahn and Midland Cooperatives, Incorporated, and assess his damages at the sum of so much money.' "

Counsel for Dreyer promptly objected as follows:

"Your Honor, defendant Edwin Dreyer objects to the submitting of the fifth form of verdict annunciated by the Court, that verdict that will find against all defendants, on the grounds that under the Court's instructions no such verdict would be possible."

The court did not withdraw the fifth form of verdict and the jury used it in finding against all defendants.

■    The principal question for determination is whether, at the time of the accident, Dreyer was the agent of Conner. It is generally held that, where a passenger in an automobile has no authority or control over its driver and no reason to suspect a want of due care on his part, any negligence on the driver's part is not imputed to the passenger. Butkeviz v. Crown Iron Works Co. 150 Minn. 212, 184 N. W. 832; Zenner v. G. N. Ry. Co. 135 Minn. 37, 159 N. W. 1087. On the other hand, if the relationship between the passenger and driver is that of principal and agent or master and servant, then the negligence of the driver may be imputed to the passenger, particularly if the latter be the car owner, since under such circumstances the passenger is deemed to have the right to control the driver's actions. Rogge v. G. N. Ry. Co. 233 Minn. 255, 47 N. W. (2d) 475; see, Hahn v. Aetna Finance Co. 251 Minn. 315, 87 N. W. (2d) 588; Lunderberg v. Bierman, 241 Minn. 349, 63 N. W. (2d) 355, 43 A. L. R. (2d) 865; Pettit Grain & Potato Co. v. N. P. Ry. Co. 227 Minn. 225, 35 N. W.

(2d) 127; Porter v. Grennan Bakeries, Inc. 219 Minn. 14, 16 N. W. (2d) 906. As stated in Frankle v. Twedt, 234 Minn. 42, 47, 47 N. W. (2d) 482, 487:

"* * * A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of such service is controlled *or is subject to the right of control* by the master. * * * The determinative right of control is not merely over *what* is to be done, but primarily over *how* it is to be done. Basically, it is the distinction between a person who is subject to orders as to *how* he does his work and one who agrees only to do the work in his own way."

In our opinion the facts as outlined are insufficient to establish that the relationship between Conner and Dreyer was that of either principal and agent or master and servant. Evidence to establish that Conner had actual control or the right to control Dreyer's actions in the operation of the car is completely lacking. On the contrary, the testimony above set forth would seem to compel the opposite conclusion. As owner of the car, Dreyer chose the route to be followed. He determined the speed at which the car would travel. He decided the manner and fashion in which it would cross intersections including the one where the accident occurred. His purpose in traveling to St. Paul was a social accommodation to his neighbor in return for favors previously extended. The motivating factors for the trip were those incidental to hospitality, companionship, and reciprocation for former courtesies. The relationship thus established was no more than that of host and guest. See, Hynek v. Milwaukee Auto. Ins. Co. Ltd. 243 Wis. 591, 11 N. W. (2d) 352; Whitechat v. Guyette, 19 Cal. (2d) 428, 122 P. (2d) 47; Piercy v. Zeiss, 8 Cal. App. (2d) 595, 47 P. (2d) 818; Sumner v. Edmunds, 130 Cal. App. 770, 21 P. (2d) 159; Shiels v. Audette, 119 Conn. 75, 174 A. 323, 94 A. L. R. 1206; Holtsinger v. Scarbrough, 69 Ga. App. 117, 24 S. E. (2d) 869; Doherty v. Edwards, 227 Iowa 1264, 290 N. W. 672; Vogrin v. Bigger, 159 Kan. 271, 154 P. (2d) 111. The fact that during the trip the passenger voluntarily paid for part of the gas would not change the relationship created at the outset of the journey. See, Phelps v. Ben-

son, 252 Minn. 457, 90 N. W. (2d) 533; Fiske v. Wilkie, 67 Cal. App. (2d) 440, 154 P. (2d) 725; McDougald v. Couey, 150 Fla. 748, 9 So. (2d) 187; Perkins v. Gardner, 287 Mass. 114, 191 N. E. 350; Everett v. Burg, 301 Mich. 734, 4 N. W. (2d) 63, 146 A. L. R. 639; Olefsky v. Ludwig, 242 App. Div. 637, 272 N. Y. S. 158; Gill v. Arthur, 69 Ohio App. 386, 43 N. E. (2d) 894; 4 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. ed.) § 2293. In Rogge v. G. N. Ry. Co. 233 Minn. 255, 47 N. W. (2d) 475, cited in support of the principal and agent theory, the passenger involved was also the owner of the car and had the right to control the operation thereof. Here, the passenger had no right of control over the driver's actions either by virtue of ownership or otherwise. It follows that the trial court erred in instructing the jury that Dreyer was Conner's agent and that a finding of negligence on Dreyer's part would bar Conner's recovery against the other defendants.

■ There remains the question whether, after such instructions, it was proper for the court to submit the fifth form of verdict which permitted a finding in Conner's favor against all defendants. In adopting this procedure, the court had for its objective the determination of the issue of negligence as it related to both drivers so that if its instructions with reference to the agency were incorrect it would not be necessary to retry the case. The jury did find negligence on the part of both drivers, and we do not see where the instruction can be said to have led to confusion or error insofar as any of the defendants are concerned. There was nothing in it which prevented the jury from passing on the issue of Dreyer's negligence. Had the jury failed to make a finding with respect to negligence as it related to Malzahn, the driver of the Midland Cooperatives, Inc., automobile, Dreyer might properly contend that it may have refrained from passing on this issue because of the instruction that if he were found negligent the case would end there as to the other defendants. Obviously, the jury did not gain this impression for it determined all issues relative to negligence. Under such circumstances, we feel that no harm resulted from the procedure followed and that hence it is unnecessary to order a new trial. See, Valerius v. Richard, 57 Minn. 443, 59 N. W. 534; Buck v. Buck,

122 Minn. 463, 142 N. W. 729; Lee v. Lee, 248 Minn. 496, 80 N. W. (2d) 529, 67 A. L. R. (2d) 176; Peterson v. Minneapolis St. Ry. Co. 226 Minn. 27, 31 N. W. (2d) 905; DeVere v. Parten, 222 Minn. 211, 23 N. W. (2d) 584; Gordon v. Pappas, 227 Minn. 95, 34 N. W. (2d) 293.

The order denying the motion of defendant Dreyer for judgment in his favor notwithstanding the verdict or for a new trial is affirmed; the order granting the motion of defendants Malzahn and Midland Cooperatives, Inc., for judgment in their favor notwithstanding the verdict is reversed; the order granting the motion of plaintiff for judgment in his favor against defendant Dreyer pursuant to the verdict is affirmed; the order denying the motion of plaintiff for judgment in his favor against defendants Malzahn and Midland Cooperatives, Inc., pursuant to the verdict is reversed; and the case is remanded with instructions that the verdicts be reinstated and that judgment be entered pursuant thereto.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.