Richard D. JONES, Plaintiff,

v.

Rupert V. HARRIS, Defendant.

Civ. No. 4–63–297.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 29, 1963.

Robins & Meshbesher, by Michael L. Robins, Minneapolis, Minn., for plaintiff.

King, MacGregor & Lommen, by John P. Lommen, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

In this diversity action the jury returned a verdict for the defendant. Plaintiff moved for a new trial upon the following grounds:

1. The verdict was against the clear weight of the evidence and justice would miscarry if the verdict is allowed to stand.

2. The verdict is contrary to law.

3. The Court erred in sustaining the objection of defendant and in refusing to admit testimony of plaintiff relative to conversations between plaintiff and defendant's wife and statements made by defendant's wife, which conversations and statements took place and were made in defendant's presence at the scene of the accident immediately after the accident.

4. The Court erred in refusing to charge the jury as follows:

"Where a party to a lawsuit fails to call a material witness, or to produce material evidence within that party's control and normally expected to be produced by that party, without satisfactory explanation, you are permitted to infer that the witness, if called, or the evidence, if produced, would have been unfavorable to that party."

The motion for a new trial was promptly brought on for hearing before the Court.

Points and authorities were submitted by counsel with authority to each to submit anything additional by letter with copy to opposing counsel prior to the date of the Court's order herein.

Diversity of citizenship and the amount in controversy confer jurisdiction. There is little dispute as to the facts of the case as presented to the Court and jury at trial.

Summarizing from the Court's minutes of the trial, the facts disclose that on July 5, 1962, plaintiff was driving alone in his automobile along State High-

way 100 in a lane of travel nearest the center line thereof. Defendant, a resident of Huron, South Dakota, was driving his automobile some distance ahead of plaintiff proceeding in the same direction and in the lane of travel to plaintiff's right. The speed limit of 50 miles per hour was not exceeded by either plaintiff or defendant. Plaintiff was overtaking defendant as they approached the intersection. A police officer of the Village of Edina was checking near the intersection of Highway 100 with 70th Street and observed the approach of the two automobiles to said street, but saw no signal indicating an intention of either driver to turn left. Defendant was proceeding slowly and testified he had turned on his signal for a left turn, and plaintiff was in the act of passing when defendant commenced a left turn and the two cars met at an angle. Plaintiff testified that no signal was given by defendant and when plaintiff saw defendant's car turning left from the far right lane, he applied his brakes and defendant observing plaintiff's car alongside of him, thereupon applied his brakes. The collision of the two cars followed. Plaintiff stepped out of his car and endeavored to engage in the customary courtesy of conversation, but defendant remained silent and his wife (a passenger and not a party) carried on the conversation with plaintiff. Mrs. Harris remained in Huron, South Dakota, during trial of the instant case.

Motions for directed verdicts by each party were denied. Requests to charge were discussed and ruled on in chambers.

■ Plaintiff's motion included 12 assignment of errors. Those above set forth will suffice for present purposes. The first assignment challenges the weight and sufficiency of the evidence. In this respect defendant's verdict is entitled to all favorable inferences which may reasonably be drawn from the evidence and circumstances proved. This necessarily involves negligence, contributory negligence and proximate cause, each and all of which are jury questions. The jury has spoken in favor of defend-

ant and the Court is prohibited substituting itself for the jury in such matters unless error has been committed by the Court.

Assignments 3 and 4 have to do with the same legal problem and will be considered together.

█ Court and counsel have diligently searched for authority supporting and opposing the sincere argument of plaintiff's counsel that statements of Mrs. Harris in the presence of her husband at the site of the accident were concurred in by the silence of defendant or the nod of his head. Defendant's counsel objected that such testimony in the absence of Mrs. Harris constituted hearsay and that any recitation of the result would amount to a self-serving declaration by plaintiff. In a closely and vigorously presented contest by two able and ethical lawyers, conscious of their devotion to duty and to their clients' interest often gives rise to situations in the courtroom that require the trial court in a few moments of thought, following objection, (in the vernacular of the early West) to "shoot from the hip." Away from the courtroom and the smoke of battle, and aided by research in our library, error is more readily recognized. The objection should have been overruled and the answers taken in response to this question objected to by defendant's counsel put to plaintiff by Mr. Robins:

"Q And after you got out of your car did you have any occasion to talk to Mr. Harris?

"A to Mr. Harris?

"Q Yes.

"A To both Mr. Harris and his wife.

"Q Did you speak to the two of them in the presence of each other?

"A Yes, sir.

"Q And would you give us the substance of the conversation as best you remember it?

"A It was that they were looking for their—

MR. LOMMEN: Excuse me. Your Honor, I wonder if the witness should understand that any conversation that he is to relate here can only be the conversation or statements made by the defendant, a party in this lawsuit?"

The objection was sustained.

Defendant's wife in Huron, South Dakota was beyond the reach of the trial court's process. In the absence of Mrs. Harris at trial, justice would have been better served by overruling the objection and taken the answer.[1] No offer of proof was made by plaintiff's counsel, but the affidavit filed by him in support of the instant motion is sufficient.

█ A motion for a new trial is addressed to the judicial discretion of the trial judge.[2]

In the light of the foregoing, the Court is of the opinion that plaintiff's motion for a new trial should be granted to prevent a miscarriage of justice.[3]

It is so ordered.

Defendant may have an exception.

1. Smith v. Allen, 4 Cir., 297 F.2d 235; Ishler v. Cook, 7 Cir., 299 F.2d 507; Bathke v. Krassin, 82 Minn. 226, 84 N.W. 796; State v. Paskewitz, 233 Minn. 452, 47 N.W.2d 199.

2. Anderson v. Federal Cartridge Corporation, 8 Cir., 156 F.2d 681; Altrichter v. Shell Oil Company, 8 Cir., 263 F.2d 377, 380.

3. Simcoe v. Pope, Minn., 123 N.W.2d 311, is readily distinguishable from the instant case; Rule 59, Federal Rules of Civil Procedure; 6 Moore's Federal Practice, Sec. 59.05(5); 3 Barron and Holtzoff, Federal Practice and Procedure § 1302; 31 C.J.S. Evidence § 294 p. 1059.